| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lewis R. Landau (CA Bar No. 143391)<br>Attorney-at-Law<br>22287 Mulholland Hwy., # 318<br>Calabasas, California 91302<br>Voice & Fax: (888) 822-4340<br>Email: Lew@Landaunet.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Point.360, a California corporation,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-22432 WB<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) _Point.360, Debtor in Possession_ ,
   filed a motion or application (Motion) entitled _Application of Debtor in Possession to Retain TroyGould PC as Transactional Counsel_ .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 11/08/2017

/s/ Lewis R. Landau
Signature of Movant or attorney for Movant

Lewis R. Landau, Attorney at Law
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1  LEWIS R. LANDAU (SBN 143391)
   Attorney-at-Law
2  22287 Mulholland Hwy., #318
   Calabasas, California 91302
3  Telephone:    (888) 822-4340
   Facsimile:    (888) 822-4340
4  Email:        Lew@Landaunet.com

5  [Proposed] Attorney for Debtor
   and Debtor in Possession
6  Point.360, a California corporation

7

8                UNITED STATES BANKRUPTCY COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11 | In re                              | Case No. 2:17-bk-22432 WB
   |
12 | Point.360, a California corporation, | Chapter 11
   | dba DVDs on the Run, Inc.          |
13 | dba Digital Film Labs              | APPLICATION OF DEBTOR IN
   | dba International Video Conversions, Inc. | POSSESSION TO RETAIN TROYGOULD
14 | dba Modern VideoFilm               | PC AS TRANSACTIONAL COUNSEL;
   | dba Movie Q                        | DECLARATION OF WILLIAM D.
15 | dba Visual Sound Closed Captioning | GOULD
   | Services                           |
16 | dba Eden FX,                       | No hearing unless requested under LBR
   |                                    | 9013-1(o)(4)
17 |            Debtor .                |
   |                                    | Date:   No hearing required
18 | Debtor's EIN:    01-0893376        | Time:   No hearing required
   | Address:        2701 Media Center Drive | Place:  Courtroom 1375; Judge Brand
19 |                 Los Angeles, CA 90065 |         U.S. Bankruptcy Court
   |                                    |         255 E. Temple Street, 13th Floor
20 |                                    |         Los Angeles, CA 90012

21

22

23

24

25

26

27

28

APPLICATION OF DEBTOR IN POSSESSION TO RETAIN TROYGOULD PC AS TRANSACTIONAL
COUNSEL; DECLARATION OF WILLIAM D. GOULD

00937-0400  299636.3

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Point.360, a California corporation and Debtor in Possession ("Debtor"), hereby applies to the Court under 11 U.S.C. section 327(e) for authority to employ TroyGould PC ("TroyGould") as its transactional counsel, with the scope of such representation described in more detail below. The following representations are submitted in conformity with the Guide to Applications for Employment of Professionals and Treatment of Retainers (Revised December 2002) of the Office of the United States Trustee ("UST"):

**1.      The Name and Occupation of the Professional or Firm to Be Employed.**

TroyGould is proposed as transactional counsel to the Debtor in its capacity as debtor in possession for the chapter 11 estate, with the scope of such representation described in more detail below.

**2.      Facts Demonstrating the Necessity for the Employment and the Specific Services to Be Rendered.**

The Debtor filed its chapter 11 case on October 10, 2017. The Debtor continues to manage the chapter 11 estate as debtor in possession. The Debtor provides high definition and standard definition digital mastering, data conversion, video and film asset management, distribution and other services to owners, producers and distributors of entertainment and advertising content.

Debtor suffered prepetition operating losses following the July 2015 acquisition of certain assets of Modern VideoFilm, Inc. ("MVF"). After the unexpected losses resulting from the MVF acquisition, Debtor initiated a business plan to reduce expenses and reestablish profitability. While working toward profitability, Debtor received a 3-day notice to pay rent or quit for its Media Center facility. Debtor filed its chapter 11 petition on October 10, 2017 to maintain its core operating facilities and implement its reorganization plan through the chapter 11 process.

TroyGould's duties will include providing legal services in connection with all transactional, corporate, labor/employment, real estate transactional, and securities related services, including, without limitation, transactional services relating to the structuring and implementation of a chapter 11 plan confirmation (the "Proposed Legal Services"). (Declaration of William D. Gould (hereinafter the "Gould Decl."), ¶ 2 & Exh. A.)

**3. The Reason for the Selection of the Particular Professional to Be Employed, Including Facts to Substantiate That the Proposed Professional Has Attained a Sufficient Experience Level to Render the Proposed Services. The Professional's Personal And, If Appropriate, Firm Resume Should Be Attached. If a Trustee Proposed to Retain His or Her Own Firm as Counsel, the Application Must Show a Compelling Reason Why Appointment of Outside Counsel Is Not Feasible.**

The Debtor selected TroyGould as counsel for the Proposed Legal Services because the Debtor has preexisting familiarity with TroyGould and believes that TroyGould can perform the Proposed Legal Services in a competent and efficient manner. The Debtor believes employment of TroyGould as its counsel is in the best interests of the estate. As set forth in the biographies of the TroyGould attorneys who will be assigned to this matter, attached as Exhibit B to the Gould Decl., TroyGould is well qualified to provide the legal services required by the Debtor.

Lead counsel for TroyGould for this matter will be William D. Gould ("Gould"). Gould has practiced law in the areas of the Proposed Legal Services for more than 50 years, having been named to The Best Lawyers in America as the "2012 Los Angeles Mergers and Acquisitions Law Lawyer of the Year" and has been named a Best Lawyer for over 20 years. He is rated AV® Preeminent™ 5.0 out of 5 by Martindale-Hubbell, and has been named a Southern California Super Lawyer (2004–2014). (*Id.* at ¶ 4 & Exh. B.) The other TroyGould attorneys expected to staff this matter combined bring in excess of 10 years of experience in the relevant areas, with a variety of accomplishments, as detailed in their attached biographies. (*Id.* at ¶¶ 3, 4 & Exh. B.)

**4. A Declaration under Penalty of Perjury Setting Forth, to the Best of the Professional's Knowledge, All of the Professional's Connections with the Debtor, Creditors, or Any Other Party in Interest, Their Respective Attorneys and Accountants, the United States Trustee and Any Person Employed by the Office of the United States Trustee, and Whether the Professional Holds Any Interest Adverse to the Estate of the Debtor. The Declaration Must Contain Facts, Not Merely Legal Conclusions.**

TroyGould provides the Gould Decl. setting forth the relationship of the Debtor and TroyGould. As described therein, members of TroyGould hold common stock in the Debtor, totaling less than 1% of the outstanding stock of the Debtor. (Gould Decl., ¶ 5.) TroyGould has previously acted as counsel for the Debtor, and as of the execution of the Gould Decl., the Debtor is indebted to TroyGould in the amount of $74,020.38 for attorneys' fees and costs. (*Id.* at ¶¶ 6, 7.) TroyGould has accepted a net prepetition retainer in the amount of $17,772.16 to perform the legal services described in this Application, and such amount is presently held in TroyGould's client trust account. (*Id.* at ¶ 8.)

In relation to creditor Wells Fargo Financial Services LLC, TroyGould hereby discloses that it currently represents Wells Fargo NA in its capacity as Managing Trustee for the trusts of William H. Simon. (*Id.* at ¶ 9.)

**5. The Terms and Conditions of the Employment Agreement, Including the Hourly Rates Charged by Each Professional (Including Partners, Associates, and Paraprofessional Persons Employed by the Professional) Expected to Render Services to or for the Benefit of the Estate.**

TroyGould agrees to apply for compensation, after notice and a hearing, as required by the Bankruptcy Code. TroyGould will accept as compensation such sums as the Court deems reasonable, based primarily upon TroyGould's customary fee charged to clients and the standards for approval of applications for compensation in the Ninth Judicial Circuit pursuant to 11 U.S.C. § 330. Gould's hourly rate is $745, and the other attorneys staffing this matter bill their time at the hourly rates of $425 and $300 per hour, respectively, in

1/10th of an hour increments. (*Id.* at ¶ 2 & Exh. A.) TroyGould will charge for costs pursuant to the terms of its engagement agreement. (*Id.*)

**6.** **If a Professional Is an Attorney, the Application must State the Amount and Source of Any Fees, Retainers, or Other Compensation (Including Any Contingency Fee Agreements) Paid or Agreed to Be Paid, Including Any Fees, Retainers or Other Compensation Paid or agreed to Be Paid Within One Year of the Filing of the Petition, for Services Rendered or to Be Rendered in Contemplation of or in Connection with the Case, Whether the Fees, Retainers or Other Compensation Has Already Been Paid, Whether the Retainer Is an Advance Against Fees for Services to Be Rendered or Earned Upon Receipt, Whether All or Any Portion of the Retainer Is Refundable, the Services, If Any, the Client Is Entitled to Receive in Exchange for the Retainer, the Facts Justifying the Amount for the Retainer, the Facts Justifying the Amount of the Retainer, and a Declaration under Penalty of Perjury Demonstrating the Need for a Retainer, Including Any Unusual Circumstances That Would Justify a Postpetition Retainer.**

As noted above, TroyGould has previously acted as counsel for the Debtor. For the period between October 10, 2016, and October 10, 2017, TroyGould was paid $89,249.66 by the Debtor for services rendered to the Debtor. (Gould Decl., ¶ 6.) For the same time period, TroyGould was paid an additional $15,255.50 by Medley Capital Corp. and Medley Opportunity Fund II LLP (collectively, "Medley"), for services rendered to the Debtor by TroyGould, pursuant to an indemnification agreement between Medley and the Debtor. (*Id.*) From October 11, 2017, to the date of this Application, TroyGould was paid an additional $10,693.73 by Medley for services rendered to the Debtor by TroyGould, pursuant to the indemnification agreement between Medley and the Debtor. (*Id.*)

Despite these payments, as of the execution of the Gould Decl., the Debtor is indebted to TroyGould in the amount of $74,020.38 for its remaining unpaid attorneys' fees

1 and costs. (*Id.* at ¶ 7.) These attorneys' fees and costs are unrelated to the retention of

2 TroyGould for which approval is sought in this Application.

3       Debtor recently retained TroyGould to act as its counsel for the Proposed Legal

4 Services and has provided a net prepetition retainer of $17,772.16 to TroyGould. (*Id.* at ¶

5 8.) This retainer was paid by the Debtor and is held in TroyGould's client trust account.

6 (*Id.*)

7       The retainer is reasonable because TroyGould requires security for the time required

8 to render legal services to the Debtor. The legal services to be provided by TroyGould are

9 likely to require substantially more than this quantity of attorney time. TroyGould proposes

10 to employ the procedures contained in the UST's Guide to Application for Retainers and

11 Professional and Insider (April 2008) and submit Professional Fee Statements (Form

12 USTLA-6) to draw down on the remaining deposit monthly.

13 **7.**    **If the Application Is Made More than Thirty Days after the Date Post-petition**

14       **Services Commenced, it must Include a Declaration under Penalty of Perjury**

15       **Explaining the Delay and Stating the Amount of Fees and Expenses That Have**

16       **Accrued During the Period Between the Date Post-petition Services Were**

17       **Commenced and the Date of the Application.**

18       Not applicable.

19 **8.**    **If the Application Is Made More than Sixty Days after the Date Post Petition**

20       **Services Commenced, the Notice of Application Required by Bankruptcy Local**

21       **Rule 2014 1(b) must Include a Statement That Retroactive Employment Is**

22       **Being Requested and the Date That Services Commenced.  Normally Only**

23       **Extraordinary Facts Will Justify Retroactive Employment.**

24       Not Applicable.

25

26

27

28

1 **9. If More than One of a Particular Type of Professional Is Being Retained, Each**
2     **Application Must Set Forth the Need for Dual Professionals, the Services to Be**
3     **Performed by Each, a Statement That There Will Be No Duplication of Services**
4     **and an Explanation of How Duplication Will Be Avoided.**

5     TroyGould is being retained to address discrete matters, specifically the Proposed
6 Legal Services. Such matters are transactional in nature, and inherently separate from the
7 bankruptcy proceedings, for which the Debtor has retained Lewis R. Landau.

8 <u>CONCLUSION</u>

9     WHEREFORE, the Debtor respectfully requests authorization, pursuant to 11 U.S.C.
10 § 327(e), and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy
11 Procedure and Local Bankruptcy Rule 2014-1(2), to employ TroyGould to perform the
12 Proposed Legal Services on the terms set forth herein with compensation to be at the
13 expense of the estate in such amount as the Court may hereafter allow, after notice and
14 hearing.

15

16 Dated: November 7TH, 2017         Respectfully submitted,

17                           Point.360, a California corporation

18

19                           By:_____
                             Name:    John D. Schweizer
20                              Title:     Vice President, Controller
                                        and Corporate Secretary
Submitted by:

21 

22 Dated: November \_\_, 2017         Lewis R. Landau
                          Attorney at Law

23

24                           By:\_\_\_\_ /s/ Lewis R. Landau \_\_\_\_
                             Name:     Lewis R. Landau
25                              Title:      [Proposed] Attorney for
                                        the Debtor

26

27

28

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address

Lewis R. Landau (CA Bar No. 143391)
Attorney-at-Law
22287 Mulholland Hwy., # 318
Calabasas, CA 91302
Voice and Fax: (888)822-4340
Email: Lew@Landaunet.com

*Attorney for:* Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re:
Point.360, a California corporation,

CASE NO.: 2:17-bk-22432 WB

CHAPTER: 11

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014

### (File with Application for Employment)

Debtor(s).

[No Hearing Required]

1. Name, address and telephone number of the professional (Professional) submitting this Statement:

     William D. Gould (CA Bar No. 35001)
     TroyGould PC
     1801 Century Park East, Suite 1600
     Los Angeles, CA 90067    Phone: (310)78901338

2. The services to be rendered by the Professional in this case are *(specify)*:
     Counsel in connection with all transactional, corporate, labor/employment, real estate transactional, and securities related services, including, without limitation, transactional services relating to the structuring and implementation of a chapter 11 plan confirmation. See engagement agreement attached hereto as Exhibit A.

3. The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:
     Debtor provided a net prepetition retainer of $17,772.16. Payment pursuant to professional fee statements and interim and final fee applications. Rates are $745/hour for William D. Gould, $425/hour for Darren T. Freedman, and $300/hour for Christian C. Hollweg. Payment from the estate to the extent retainer exhausted.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 1                     **F 2014-1.STMT.DISINTEREST.PROF**

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:
Retainer held in attorney's trust account as advance against fees, subject to payment and allowance procedures. No lien on retainer.

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:
Standard file review for conflicts with Debtor, secured creditors and top 20 largest unsecured creditors.

6. The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:
Response is attached on extra page.

7. The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:
TroyGould has previously acted as counsel for the Debtor, and as of the execution of this document, Debtor is indebted to TroyGould in the amount of $74,020.38 for attorneys' fees and costs.

8. The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9. The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:
Members of TroyGould hold common stock in the Debtor, totaling less than 1% of the outstanding stock of the Debtor. TroyGould currently represents Wells Fargo NA in its capacity as Managing Trustee for the trusts of William H. Simon. However, I do not consider either of these matters to be material.

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:
William D. Gould (CA Bar No. 35001)
TroyGould PC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Phone: (310)789-1338
Email: wgould@troygould.com

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*        Page 2        **F 2014-1.STMT.DISINTEREST.PROF**

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:

N/A

12. Total number of attached pages of supporting documentation: _7_

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/07/2017 | William D. Gould | *William D Gould* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*            Page 3            **F 2014-1.STMT.DISINTEREST.PROF**

I-1

**ATTACHMENT FOR NO. 6 ON STATEMENT OF DISINTERESTEDNESS FOR**

**EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**

Members of TroyGould hold common stock in the Debtor, totaling less than 1% of the outstanding stock of the Debtor. TroyGould has previously acted as counsel for the Debtor, and as of the execution of this document, the Debtor is indebted to TroyGould in the amount of $74,020.38 for attorneys' fees and costs. In relation to creditor Wells Fargo Financial Services LLC, TroyGould hereby discloses that it currently represents Wells Fargo NA in its capacity as Managing Trustee for the trusts of William H. Simon.

**DECLARATION OF WILLIAM D. GOULD**

I, William D. Gould, declare as follows:

1.      I am an attorney at law duly licensed to practice in the State of California. I am a member of the law firm of TroyGould PC ("TroyGould"). The facts set forth in this declaration are personally known to me and I have first-hand knowledge thereof. If called as a witness, I could and would testify competently to the facts set forth herein under oath.

2.      TroyGould's duties will include providing legal services in connection with all transactional, corporate, labor/employment, real estate transactional, and securities related services, including, without limitation, transactional services relating to the structuring and implementation of a chapter 11 plan confirmation (the "Proposed Legal Services"). A true and correct copy of Point.360's engagement agreement with TroyGould is attached hereto as **Exhibit A**.

3.      TroyGould is qualified to provide these legal services to Point.360. I anticipate that this matter will be staffed by myself, Darren T. Freedman, and Christian C. Hollweg. True and correct copies of TroyGould's biographies for these attorneys are attached hereto as **Exhibit B**.

4.      I anticipate acting as lead counsel and have practiced law in the areas of the Proposed Legal Services for more than 50 years, having been named to The Best Lawyers in America as the "2012 Los Angeles Mergers and Acquisitions Law Lawyer of the Year" and have been named a Best Lawyer for over 20 years. I am rated AV® Preeminent™ 5.0 out of 5 by Martindale-Hubbell, and have been named a Southern California Super Lawyer (2004–2014). The other TroyGould attorneys expected to staff this matter bring in excess of 10 years of experience in the relevant areas, with a variety of accomplishments, as detailed in their attached biographies.

5.      Members of TroyGould hold common stock in the Debtor, totaling less than 1% of the outstanding stock of the Debtor.

6.      TroyGould has previously acted as counsel for the Debtor. For the period between October 10, 2016, and October 10, 2017, TroyGould was paid $89,249.66 by the

Debtor for services rendered to the Debtor. For the same time period, TroyGould was paid an additional $15,255.50 by Medley Capital Corp. and Medley Opportunity Fund II LLP (collectively, "Medley"), for services rendered to the Debtor by TroyGould, pursuant to an indemnification agreement between Medley and the Debtor. From October 11, 2017, to the date of this Application, TroyGould was paid an additional $10,693.73 by Medley for services rendered to the Debtor by TroyGould, pursuant to the indemnification agreement between Medley and the Debtor.

7.      Despite these payments, as of the execution of this declaration, the Debtor is indebted to TroyGould in the amount of $74,020.38 for its remaining unpaid attorneys' fees and costs.

8.      TroyGould has accepted a net prepetition retainer in the amount of $17,772.16 to perform the legal services described in this Application. Such amount is presently held in TroyGould's client trust account.

9.      TroyGould currently represents Wells Fargo NA in its capacity as Managing Trustee for the trusts of William H. Simon.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 6, 2017 at Los Angeles, California.

_William D. Gould_

WILLIAM D. GOULD

APPLICATION OF DEBTOR IN POSSESSION TO RETAIN TROYGOULD PC AS TRANSACTIONAL
COUNSEL; DECLARATION OF WILLIAM D. GOULD

00937-0400 299636.2

**Exhibit A**



**TROYGOULD PC**
1801 Century Park East, 16th Floor
Los Angeles, California 90067-2367
*Tel* (310) 553-4441 *Fax* (310) 201-4746
www.troygould.com

**William D. Gould** • (310) 789-1338 • wgould@troygould.com          File No.   02523-21

October 10, 2017

**VIA PDF BY EMAIL**

Haig Bagerdjian, President and CEO
Point.360
2701 Media Center Drive
Los Angeles, California 90065

          Re:     **TroyGould PC Legal Representation of Point.360/Chapter 11**

Dear Haig:

          Point.360 has retained us as counsel in connection with corporate and transactional matters as you may request during the pendency of Point.360's chapter 11 proceeding. This letter describes the basis on which our firm will provide legal services to you and how we will be compensated for our services, on these matters and all other matters on which you retain us, in the absence of a separate written agreement with you covering our fees on other matters.

          Please be assured that we will do our utmost to serve you effectively. We cannot guarantee the success of any given venture but will strive to represent your interests professionally and efficiently. If at any time you have any questions or concerns, please contact us at once.

          Scope of Work. We will provide legal services in connection with all transactional, corporate, labor/employment, real estate transactional, merger and acquisition matters and securities related services, including, without limitation, transactional services relating to the structuring and implementation of a chapter 11 plan confirmation. The scope of our duties does not include bankruptcy matters or the prosecution or defense of any adversary proceedings in bankruptcy court.

          Fees, Costs, Disbursements and Statements. Except as provided below, our fees will be the product of the hours worked multiplied by the hourly rates for the attorneys and legal assistants performing the work. Our hourly rates currently range from $235 to $745 per hour. The lawyers performing services on this matter will be William D. Gould ($745 per hour), Darren Freedman ($425 per hour) and Christian Hollweg ($300 per hour). The use of any other legal professionals will require your approval. These rates are subject to change. We adjust our hourly rates periodically, usually each January, to reflect the



advancing experience, capabilities and seniority of our professionals and legal assistants, as well as general economic factors.

Each month we will present a statement for services rendered during the prior month and previously unbilled costs and disbursements. All invoices are payable within 30 days of receipt by you, at our office in Los Angeles, California. Unless we expressly agree otherwise in writing, we expect payment from you notwithstanding the fact that our fees may be recoverable from insurance or other sources. Payments will be applied first to disbursements and costs and then to fees, in the order incurred.

Disbursements represent out-of-pocket payments by our firm on your behalf and may include such items as services, filing fees, travel expenses, postage, parking costs, process server, witness, jury and stenographic reporter fees and computerized legal research. We reserve the right to send third party invoices for disbursements to you for direct payment.

Retainer. As of today's date, October 10, 2017, you have provided us with a retainer of $15,000 to provide for transactional services to be required by you. We also have in our client trust account $2,772.16 representing an unused retainer for services performed by our firm prior to the filing of the chapter 11 proceeding. These amounts will be held in our client trust account and will be withdrawn and fees will be paid in accordance with the requirements of the Bankruptcy Code, Local Bankruptcy Rules and Office of the United States Trustee to the extent applicable. Payment of our fees and costs, if any, shall be sought from the retainer and to the extent the retainer is exceeded, the chapter 11 estate, pursuant to the requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures and Local Bankruptcy Rules. Once our engagement has been completed, we will return to you any portion of the retainer remaining after payment of all of our fees, costs and disbursements. Any retainer is not an estimate of total fees, costs and disbursements but merely an advance.

Trust Account. Any interest which accrues on any of your funds in our client trust account will be paid in accordance with applicable law to the State Bar of California.

No Guarantee of Outcome. We do not and cannot guarantee any outcome in a matter.

Possible Insurance Coverage. Sometimes there is insurance coverage for claims, losses, damages, or other matters pertinent to the subject matter of our firm's representation of you. Please advise if you wish our firm to offer advice concerning



possible insurance coverage. Unless we expressly agree in writing, the scope of the legal services our, firm will provide to you does not include advice concerning possible insurance coverage or tendering this matter to your insurance carriers.

Testimony. If we are called upon to testify, to provide evidence, documents or information, or to assist in any way, in connection with any litigation, regulatory proceeding, arbitration, dispute, claim or tax matter in which you are involved, whether or not arising in connection with any matter assigned to us hereunder, you agree to pay for our services in this connection at our normal hourly rates as set forth above.

File Retention. It is our general policy to retain a client's legal files for five years. After that time, you agree that we may destroy those files without notice to you unless you otherwise advise us in writing.

Termination. You may terminate our representation at any time. Subject to fulfilling our professional responsibilities, we reserve the right to withdraw as your counsel at any time. Notwithstanding such termination or withdrawal you shall remain obligated to pay fees, costs, and disbursements previously incurred. If you request that we transfer possession of your file to you or to a third party, such request shall be in writing, and you or the third party shall acknowledge receipt of the file in writing. You agree that we are authorized to retain a copy of the file for our use at your expense.

Date of Termination. Our representation of you will be considered terminated at the earlier of (i) your termination of our representation; (ii) our withdrawal from our representation of you; or (iii) the substantial completion of our substantive work for you. Once we have completed rendition of our services on a particular matter, we are no longer responsible to inform or advise you as to changes in the law or interpretations of the law that might impact on our advice (or the documents that we have delivered to you). In addition, we cannot assume responsibility to remind you in the future of filings or obligations required by contract or by law or necessary to protect your interests (such as a UCC continuation statement).

Right to Consult With Independent Counsel. You have the right to consult with independent counsel before you enter into this engagement letter, and in particular to consult with independent counsel regarding the fairness of the financial terms of the engagement and the provision in this letter granting an attorney's lien to this firm on all claims or causes of action that are the subject of our representation to secure payment of our fees, costs and disbursements. If you require additional time to consult with independent counsel, or have any questions regarding the nature of an attorney lien or any

 **TroyGould**
ATTORNEYS

other aspect of this letter, please so advise us. Your signature to this letter will constitute your written consent to all terms set forth herein.

Communication and Technology. It is important for us to maintain open communication with each other throughout the engagement. We will keep you informed of the status of our work on your behalf and will consult with you whenever necessary or appropriate. You agree to communicate with and provide us with complete and accurate information as necessary or appropriate. Unless you specifically direct us otherwise, we may use cell phones, e-mail and facsimile machines in the course of our engagement. Our e-mail and facsimile transmissions may not be encrypted, so the use of such forms of communication under current technologies may place confidential or privileged information at risk of being intercepted. The use of cell phones may similarly place confidential or privileged information at risk. We may store some or all of your files on a variety of platforms, including third-party cloud-based servers. Although we take reasonable precautions to make sure these servers are secure, there is still a risk that your confidential or privileged information may be disclosed inadvertently. By signing below, you acknowledge these risks and consent to our use of such technology.

Attorney-Client Privilege. Generally, information we receive from you is subject to the attorney-client privilege. However, we may be under an independent ethical duty to reveal privileged information if (a) it involves the commission of illegal or fraudulent acts that are committed in the course of our engagement, (b) it involves the intent to commit a crime or (c) we are required to disclose the information by law or court order.

"Of Counsel" or Contractual Attorneys and Client Consent to Division of Fees. Some of the attorneys with our firm have an "of counsel" or contractual relationship, meaning that they are not shareholders or associates of the firm, but, rather, have a contractual relationship with the firm whereby the "of counsel" attorney or the contractual attorney and the firm work together and may share in the fees generated by this cooperative relationship. Your signature on this letter will indicate that you acknowledge your right to receive this full disclosure and that, unless you notify us in writing to the contrary, you consent to the firm's division of fees, where necessary, with its "of counsel" or contractual attorneys.

Miscellaneous. This constitutes the entire understanding between you and our firm regarding our engagement. By executing this agreement you acknowledge that you have read carefully and understand all of its terms. The agreement cannot be modified except by further written agreement signed by each party.



If you have any questions about the foregoing, please call me. Moreover, please feel free to obtain independent legal advice regarding this agreement. By utilizing our services, you acknowledge and accept the terms and conditions set forth in this letter. However, we would also appreciate it if you would confirm your acceptance by executing the enclosed copy of this letter and returning it to me.

Sincerely,

William D. Gould

WDG:mew

AGREED:

**POINT.360**

By:

Its: CEO

Dated as of: 11/3/17

**Exhibit B**




### WILLIAM D. GOULD
Corporate & Securities

T: 310.789.1338
F: 310.201.4746
wgould@troygould.com

**Related Practice Areas**

Corporate Finance
Executive Compensation
Mergers & Acquisitions
Securities Compliance & Corporate Governance

## BIOGRAPHY

Mr. Gould regularly advises boards of directors of public companies, and he and other members of his firm authored a book titled Advising and Defending Corporate Directors and Officers. He has a great deal of experience in mergers and acquisitions involving private and public companies.

Mr. Gould has been active in all legal aspects of raising capital, both public and private. This includes venture capital and mezzanine financing, as well as registered public offerings of both debt and equity. In addition, he has extensive experience in workouts involving financially distressed companies and disputes between partners in business transactions.

Mr. Gould was named by The Best Lawyers in America as the "2012 Los Angeles Mergers and Acquisitions Law Lawyer of the Year" and has been named a Best Lawyer for over 20 years. He is rated AV® PreeminentTM 5.0 out of 5 by Martindale-Hubbell, and has been named a Southern California Super Lawyer (2004–2014).

## PUBLICATIONS

Co-author, Chapter 2, "Practical Aspects of Becoming a Director and Avoiding Liability," Chapter 6, "Distributions to Shareholders," and Chapter 14, "The Sarbanes-Oxley Act of 2002," in _Advising and Defending Corporate Directors and Officers_, California Continuing Education of the Bar (1998, updated 2007).

Co-author, The Sarbanes-Oxley Act of 2002 and its Aftermath, 18 CEB Cal Bus L Practitioner (Summer 2003).

Co-author, "Corporate Scandals Brought Strict New Laws in 2002," Case 'n Point (California Continuing Education of the Bar newsletter), Issue V.4. (2003).

Co-author, Chapter 5, "Mergers," in Operating Problems of California Corporations (CEB, 1978) and co-author of the annual supplements to that book.

## BACKGROUND

**Professional Experience**

O'Melveny & Myers, Los Angeles  (1963-1986; Partner 1970-1986).

**Teaching Experience**

Practicing Law Institute, California Continuing Education of the Bar, Los Angeles County Bar Association, and UCLA Law School.

**Affiliations & Activities**

Los Angeles County Bar Association (chairman, Business and Corporations Law Section (1983-1984)), and member, Executive Committee (1973-1985); Member, Board of Governors, Institute for Corporate Counsel (1980-1987).

Member, Board of Regents of Loyola Marymount University (Chairman of the Board 2006-2007).

**Education**

Loyola University (A.B., 1960). University of California, Los Angeles School of Law (J.D., 1963); Editor-in-Chief, UCLA Law Review (1962-1963); Order of the Coif.





## DARREN T. FREEDMAN
**Corporate & Securities, Real Estate**

T: 310.789.1207
F: 310.789.1407
dfreedman@troygould.com

**Related Practice Areas**

Life Sciences
Real Estate Transactions

## BIOGRAPHY

Mr. Freedman's practice focuses on providing corporate and securities counsel to emerging growth and middle-market companies, ranging from start-up to public companies, executive officers and investors. Mr. Freedman represents businesses in a wide range of industries, including technology, biopharmaceutical, medical devices, restaurant, real estate, apparel, entertainment, digital media and natural resources.

He represents clients in all stages of development, including strategic entity formation, public and private equity and debt financings, mergers and acquisitions and joint ventures. Mr. Freedman also represents real estate owners, developers and borrowers.

He joined the firm in 2008 as an associate and became a member of the firm in 2015.

## REPRESENTATIVE MATTERS

- Merger of company engaged in research, development, and commercialization of autologous cell-based therapeutics for use in regenerative medicine with a publicly traded medical device manufacturer
- Merger of public oil and gas company
- Nasdaq-listed cancer vaccine company in registered spin-off of subsidiary company
- Underwritten public offering of shares of common stock of Nasdaq-listed companies pursuant to "shelf" registrations
- Follow-on offerings of securities for numerous NASDAQ-listed corporations
- Representation of publicly traded corporations in various SEC-registered employee stock offerings
- Private equity fund acquisition and sale of specialty coatings manufacturer
- Dividend recapitalization
- Numerous private financings under SEC Rule 506
- Purchase of industrial properties in Pomona, California totaling 23,000 square feet
- Leases of restaurant space in Beverly Hills and downtown Los Angeles
- Ongoing advice and counsel to various start-up and successful private companies
- Ongoing advice to various public corporations regarding compliance issues arising under federal securities laws, including periodic reporting requirements of Securities Exchange Act of 1934, FINRA, and compliance with NASDAQ and NYSE requirements

## PUBLICATIONS

Drafting Considerations under California's Revised Uniform Limited Liability Company Act (RULLCA) (February 2015).

"Think Before You Tweet - Securities Law Considerations and Best Practices When Communicating Through Social Media," Bloomberg BNA (April 2013).

"Beware of Regulatory Crackdown on Unregistered Brokers," Venture Capital Journal (March 2010).



**BACKGROUND**

**Affiliations & Activities**

State Bar of California (Co-Vice Chair of Communications, Corporations Committee of the Business Law Section, 2015).

State Bar of California (Member, Corporations Committee and liaison to the Commercial Transactions Committee of the Business Law Section, 2013-2014).

Century City Chamber of Commerce (co-Chairman, Growing Professionals and Entrepreneurs Council, 2011-2013).

PLG International Lawyers (Member 2012-present).

Elected Director of YPLG International Lawyers.

**Honors**

Mr. Freedman was named a Rising Star in 2015 and 2016 by Southern California Super Lawyers, a Thomson Reuters business.

**Languages**

Mr. Freedman is conversant in Spanish.

**Education**

UCLA (B.A., Business Economics, cum laude, 2004)
University of Southern California (Master of Real Estate Development, award with honorarium, 2005)
Vanderbilt University Law School (J.D., business law certificate, Scholastic Excellence Awards in Securities Regulation and Corporate Governance and Control, 2008).
Elected to the Honor Council all three years at Vanderbilt.





## CHRISTIAN C. HOLLWEG
Corporate

T: 310.789.1203
F: 310.201.4746
chollweg@troygould.com

### BIOGRAPHY

Mr. Hollweg is an attorney in the firm's Corporate Department. His practice includes securities, general corporate law and governance, and mergers and acquisitions.

### BACKGROUND

**Professional Experience**

Associate, WilmerHale, Palo Alto (2015-2016).

Summer Associate, WilmerHale, Palo Alto (2014).

Judicial Intern to the Honorable Howard R. Tallman, Chief Judge of the United States Bankruptcy Court for the District of Colorado (2013).

**Education**

UCLA School of Law (J.D., 2015); Order of the Coif.

During his second and third years in law school, UCLA School of Law employed Mr. Hollweg to provide biweekly tutoring sessions for first-year law students. Also during his third year of law school, Mr. Hollweg tutored second-year law students on an individual basis.

University of Colorado (B.S., Business Administration, Minor in Economics, 2012).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

22287 Mulholland Hwy., # 318
Calabasas, California 91302

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/08/2017  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/08/2017   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached list of 20 largest unsecured creditors and secured creditors (omitting NEF recipients).

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/08/2017 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                Page 3                        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

William S Brody on behalf of Creditor Austin Financial Services, Inc.
wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com

Sara Chenetz on behalf of Interested Party Sara L. Chenetz
schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com

Peter A Davidson on behalf of Interested Party Courtesy NEF
pdavidson@ecjlaw.com, lpekrul@ecjlaw.com

Brian T Harvey on behalf of Creditor Austin Financial Services, Inc.
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

Lewis R Landau on behalf of Debtor Point.360, a California Corporation
Lew@Landaunet.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

Shane J Moses on behalf of Interested Party Courtesy NEF
smoses@ml-sf.com, csnell@ml-sf.com

Lisa Seabron on behalf of Creditor WRI West Gate South, L.P.
lseabron@weingarten.com

Ronald A Spinner on behalf of Creditor Softitler dba Deluxe Localization Sfera
spinner@millercanfield.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                            **F 9013-3.1**

Rolf Woolner
Winston & Strawn LLP
333 S Grand Ave Fl 38
Los Angeles, CA 90071

Mark J Saladino
Los Angeles County Tax Collector
225 North Hill St. Rm 160
Los Angeles, CA 90012

United Healthcare Ins. Co
Judy Eastin
Dept. 6940
Los Angeles CA 90084

William Gould
TROY GOULD PC
1801 Century Park East, #1600
Los Angeles, CA 90067

Sony Electronics Inc
Victoria Jaime
One Sony Drive
Park Ridge, NJ 07656

Signiant, Inc.
Jim Whelehan
91 Hartwell Ave., 2nd Fl
Lexington, MA 02421

Eric Smith
Monteleone and McCrory LLP
725 S Figueroa St Ste 3200
Los Angeles, CA 90017

Sfera Lab LLC
Joanna Blei
2400 W. Empire Ave
Burbank, CA 91503

Susquehanna Commercial Fin., Inc.
2 Country View Road, Suite 300
Malvern, PA 19355

Ivan Gold
Allen Matkins et al
3 Embarcadero Ctr 12FL
San Francisco, CA 94111

Blue Shield of California
PO Box 749415
Los Angeles CA 90074

WILCON
Candelario Andalon
624 S. Grand Ave., Suite 2500
Los Angeles CA 90017

Sub-Tech Localization Svs.
Jeremy Stewart
345 Gulf Stream Way
Costa Mesa, CA 92627

Sohonet, Inc.
Saundra Dunbar
12950 Culver Blvd., Suite 100A
Los Angeles, CA 90066

Sfera Studios LLC
Joanna Blei
2400 W. Empire Ave
Burbank, CA 91503

AFCO
Steven Nelson
4501 College Blvd, Suite 320
Leawood, KS 66211

Wells Fargo Financial Services LLC
PO Box 35701
Billings MT 59107

US Bank Equipment Finance
PO Box 580337
Minneapolis, MN 55458

REEP-OFC 2300 Empire CA LLC
c/o Agent CT Corporation
Vivian Imperial
818 W Seventh St, Ste 930
Los Angeles, CA 90017

Leafs Properties, LP
Bridget Kotz
1333 Camino Del Rio S., # 310
San Diego, CA 92108

Media Storage Group
Eric Johnson
3759 Cahuenga Blvd.
Studio City CA 91604

Zayo Group
Al Ruiz
1821 30th Street Unite A
Boulder, CO 80301

American Express
Gregory Galterio
1801 NW 66th Ave., Suite 103C
Plantation, FL 33313

Acco Engineered Systems
6265 San Fernando Road
Glendale, CA 91201

La Media Center Owners Assoc.
Manager
PO Box 697
Camarillo, CA 93011

EPlus Technology, Inc.
13595 Dulles Technology Dr.
Herndon, VA 20171

De Lage Landen Financial Serv, Inc.
1111 Old Eagle School Road
Wayne PA 19087