1

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**

2
22287 Mulholland Hwy., # 318
Calabasas, California 91302

3
Voice & Fax: (888)822-4340
*Email:  lew@landaunet.com*

4

5

6
Attorneys for Point.360, a California corporation,
Debtor and Debtor-in-Possession

7

8
## UNITED STATES BANKRUPTCY COURT

9
## CENTRAL DISTRICT OF CALIFORNIA

10
### LOS ANGELES DIVISION

11

12
In re

Point.360, a California corporation,

13

            Debtor.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re | Case No.: 2:17-bk-22432 WB |
| Point.360, a California corporation, | In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.) |
| Debtor. | **DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |

**Disclosure Statement Hearing**

Date:       November 8, 2018
Time:       10:00 a.m.
Place:      Courtroom 1375; Judge Brand
            U.S. Bankruptcy Court
            255 E. Temple Street, 13th Floor
            Los Angeles, CA 90012

**Plan Confirmation Status Hearing**

Date:       January 29, 2019
Time:       2:00 p.m.
Place:      Courtroom 1375; Judge Brand
            U.S. Bankruptcy Court
            255 E. Temple Street, 13th Floor
            Los Angeles, CA 90012

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 2

II. SUMMARY OF THE PLAN OF REORGANIZATION ................................. 2
    A.    What Creditors and Interest Holders Will Receive Under The Proposed
          Plan.................................................................................................................. 2
    B.    Unclassified Claims. ....................................................................................... 2
          1.    Administrative Expenses................................................................ 3
          2.    Priority Tax Claims. ....................................................................... 4
          3.    Creditors' Administrative Expense Claims................................... 4
    C.    Classified Claims and Interests. ..................................................................... 5
          1.    Classes of Secured Claims. ........................................................... 5
          2.    Classes of Priority Unsecured Claims........................................... 6
          3.    Classes of General Unsecured Claims. ......................................... 7
          4.    Class(es) of Interest Holders. ........................................................ 9
    D.    Means of Effectuating the Plan. ..................................................................... 9
          1.    Funding for the Plan. ..................................................................... 9
          2.    Post-confirmation Management. ................................................... 10
          3.    Disbursing Agent. ........................................................................ 11
    E.    Risk Factors.................................................................................................... 11
    F.    Other Provisions of the Plan. ........................................................................ 12
          1.    Executory Contracts and Unexpired Leases. .............................. 12
          2.    Changes in Rates Subject to Regulatory Commission Approval.... 13
          3.    Retention of Jurisdiction. ............................................................. 13

III. EFFECT OF CONFIRMATION OF PLAN .................................................. 13
    A.    Discharge. ...................................................................................................... 13
    B.    Revesting of Property in the Debtor............................................................... 13
    C.    Modification of Plan. ..................................................................................... 13
    D.    Post-Confirmation Status Report. ................................................................. 13
    E.    Post-Confirmation Conversion/Dismissal..................................................... 14
    F.    Final Decree. ................................................................................................. 14

**I.**

**INTRODUCTION**

Point.360, a California corporation ("Debtor") is the Debtor in a Chapter 11 bankruptcy case.  On October 10, 2017, the Debtor filed a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. § 101 et seq.  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a plan of reorganization.  In other words, the Proponent seeks to accomplish payments under the Plan by paying creditors from revenues generated by future operations and sales of certain assets.  The Effective Date of the proposed Plan is the later of **February 28, 2019** or the 15th day after entry of a Court order confirming the plan proving no stay of effectiveness thereof is in effect.  If a stay of effectiveness is then in effect, the plan becomes effective when such stay is terminated.

**II.**

**SUMMARY OF THE PLAN OF REORGANIZATION**

**A.    What Creditors and Interest Holders Will Receive Under The Proposed Plan.**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive.

**B.    Unclassified Claims.**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class.

///

///

///

2

1.    **Administrative Expenses.**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507(a)(2).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.  The following chart lists all of the Debtor's anticipated unpaid 507(a)(2) administrative claims for chapter 11 professionals, the Bankruptcy Court clerk's office and the Office of the United States Trustee and their treatment under the Plan:

| Name | Amount Owed | Treatment |
|---|---|---|
| Lewis R. Landau Attorney at Law | $TBD ($150,000 estimated unpaid as of 11/1/18) | Paid in Full on Effective Date |
| Brinkman Portillo Ronk, APC Committee Counsel | $TBD ($150,000 estimated unpaid as of 11/1/18) | Paid in Full on Effective Date |
| GlassRatner Advisory & Capital Group; Financial Advisor | $TBD ($50,000 estimated  unpaid as of 11/1/18) | Paid in Full on Effective Date |
| Daniel P. Hogan Attorney at Law Special Litigation Counsel | $TBD ($19,000 estimated  unpaid as of 11/1/18) | Paid in Full on Effective Date |
| TroyGould, P.C. Special Transactional Counsel | $TBD ($6,000 estimated  unpaid as of 11/1/18) | Paid in Full on Effective Date |
| Clerk's Office Fees & Miscellaneous | $TBD | Paid in Full on Effective Date |
| Office of the U.S. Trustee Fees | Current | Paid in Full on Effective Date |
|  | TOTAL TBD ($375,000 estimated) |  |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before the fees will be owed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

///

///

///

///

///

///

1

### 2.    Priority Tax Claims.

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the petition date with interest at the most favorable rate offered to other creditors in the Plan.  The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| • Name= | | • Pymt interval:  = 48 monthly installments | |
| • Los Angeles County TTC | $148,219.54 (POC 7-2) | • Pymt amt/interval: | = $4,354 |
| • Type of tax = Property | | • Begin date: | Effective Date |
| | | • End date: | 10/1/22 |
| • Date tax assessed= 10/27/17 | | • Interest Rate % | = 18% |
| | | • Total Payout Amount | = 100% |
| **Description** | **Amount Owed** | **Treatment** | |
| • Names = | | • Pymt interval:  = Single | |
| • IRS • FTB • County of Orange | $1,000 $800 $1,802.80 | • Pymt amt/interval: | = In full |
| • Type of tax = Misc. | | • Begin date: | Effective Date |
| | | • End date: | Same |
| • Date tax assessed= Misc. | | • Interest Rate % | = N/A |
| | | • Total Payout Amount | = 100% |

### 3.    Creditors' Administrative Expense Claims

Creditors may assert administrative priority expense claims arising from, e.g., their post-petition services provided to the Debtor under Code Section 503(b).  Such expenses may include rent, utilities, and insurance, among other items.  **Administrative Claims bar date**:  The last day to file a request for payment of Administrative Expense Claims, other than those set forth in section II(B)(1) above, is set forth in the notice of the Plan confirmation hearing accompanying this Disclosure Statement.  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

**C.    Classified Claims and Interests.**

**1.    Classes of Secured Claims.**

Secured claims are claims secured by liens on property of the estate.  The Debtor's secured creditors are identified below, other than purported equipment leases that may constitute financing transactions with nominal lease end purchase options.  These purported equipment lease claims are listed on Exhibit 6 to the Disclosure Statement.  Debtors shall assume purported equipment leases through the confirmation process, while reserving the right to seek recharacterization of such purported equipment leases in the event of any dispute concerning the Debtor's title to the assets subject to such purported equipment leases.  *See*, § III(F)(1).

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 1 | Secured claim of: Austin Financial Services, Inc. | No | • Pymt interval = Per Loan Agreement |
| | • Name= Austin Financial Services, Inc. | | • Pymt amt/interval = Per Loan Agreement |
| | • Collateral description = All Assets | | • Balloon pymt = Maturity 10/31/18 [six month extensions of maturity anticipated] |
| | • Collateral value = Varies per operations; fully secured. | | • Begin date = Effective Date. |
| | • Priority of security int. = 1. | | • End date = Same |
| | • Principal owed = $2,475,676.48 per POC 34. | | • Interest rate % = 0% |
| | • Pre-pet. Arrearage amount = $0 | | • Total payout = Per contract. |
| | • Post-pet. Arrearage amount = $0 | | • Treatment of Lien = Unimpaired per 11 U.S.C. § 1124(1) and (2). |
| | • Total claim amount = $2,475,676.48 per POC 34, subject to post-petition changes in account status. | | *Note:* **To the extent that Austin Financial Services, Inc. does not agree to continue financing post-confirmation, the existing DIP facility requires payment in full on the Effective Date of the Plan.  At this time, Austin Financial Services, Inc. has not committed to exit financing and the existing DIP facility requires payment in full on the Effective Date of the Plan.** |

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 2 | Secured claims of: Medley Capital Corporation Medley Opportunity Fund II, LP | No | • Pymt interval = Per Term Loan Agreement and related Loan Documents. |
| | • Name= Collectively Medley | | • Pymt amt/interval = Per Term Loan Agreement and related Loan Documents. |
| | • Collateral description = All assets excluding accounts and real estate | | • Balloon pymt = Maturity 7/8/20 |
| | • Collateral value = Fully secured. | | • Begin date = Effective Date. |
| | • Priority of security int. = 2. | | • End date = Same |
| | • Principal owed = $6,000,000 per POCs 72, 73 | | • Interest rate % = Per contract. |
| | • Pre-pet. Arrearage amount = $0 [PIK interest accrual] | | • Total payout = Per contract. |
| | • Post-pet. Arrearage amount = $0 [PIK interest accrual] | | • Treatment of Lien = Unimpaired per 11 U.S.C. § 1124(1) and (2). |
| | • Total secured claim amount = $ 6,572,764.28 plus post-petition accruals, if any, as allowed. | | |

## 2.     Classes of Priority Unsecured Claims.

Certain priority claims that are referred to in Code Sections 507(a)(4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim unless such creditor agrees to alternate treatment.   However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.   The Debtor's priority unsecured claims are listed on Exhibit 1 to the Disclosure Statement.

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 3 | Priority Wages, Commissions, Salary Claims Per § 507(a)(4) | Yes | Payment Interval = 1. |
| | Total amount of claims = $92,685.13 See Disclosure Statement Ex 1. | | Payment amt/interval = All allowed priority claims per 11 U.S.C. § 507(a)(4) shall be paid in full on the Effective Date. |
| | | | Begin Date =   Effective Date. |
| | | | End date =      Effective Date. |
| | | | Interest Rate:  None. |
| | | | Total Payout = 100%. |

6

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 4 | UnitedHealth Insurance Company; Priority Employee Benefit Plan Per § 507(a)(5) | Yes | Payment Interval = 6 monthly installments.<br>• Any default under the terms of the Plan concerning the repayment of UnitedHealthcare's claims shall be deemed to be a default under the terms of the Group Policy under Enrolling Group No. 910300. |
| | Total amount of claims = $142,152.77 per POC 33-2 | | Payment amt/interval = $24,669.34 months 1 to 5 with balance due in month 6, plus pro rata share of proceeds of Medley Litigation, if any, until paid in full. |
| | | | Begin Date = Effective Date. |
| | | | End date = August 1, 2019. |
| | | | Interest Rate:  5% |
| | | | Total Payout = 100% |

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 5 | SAG-AFTRA and SAG-AFTRA Health Fund and AFTRA Retirement Fund Priority Claims Per § 507(a)(5) | Yes | Payment Interval = $5,000 monthly installments. |
| | Total amount of claims = $37,466.75 per POCs 57-1 and 58-1 | | Payment amt/interval = $5,000 month, plus pro rata share of proceeds of Medley Litigation, if any, until paid in full. |
| | | | Begin Date = Effective Date. |
| | | | End date = August 1, 2019. |
| | | | Interest Rate:  N/A |
| | | | Total Payout = 100% |

**3.     Classes of General Unsecured Claims.**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 6 | Allowed General Unsecured Claims identified in Disclosure Statement Exhibit 1. | Yes | Payment Interval = 36 monthly installments plus proceeds of MVF asset sales within six months of Effective Date (subject to approval by the Court that the Debtor is permitted to sell the MVF PPE and use the proceeds to pay general unsecured creditors ) and pro rata share of net Medley Litigation proceeds, if any, until paid in full. *See* means for effectuating plan. |
| | Total amount of claims: $1,699,695.01 which includes $163,506.24 disputed | | Payment amt/interval = $25,000 monthly distribution paid pro rata from and after the Effective Date plus net proceeds of MVF PPE sale (subject to approval by the Court that the Debtor is permitted to sell the MVF PPE and use the proceeds to pay general unsecured creditors), MVF Proceeds and net Medley Litigation proceeds, if any. |
| | | | Begin date =            Effective Date |
| | | | End date =               February 1, 2022 |
| | | | Interest rate: Federal Judgment Rate in Effect as of Confirmation Hearing. |
| | | | Total payout = 89% to 100% |

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 7 | Convenience Class of unsecured claims less than or reducing to $2,500. | Yes | Payment Interval = single 75% payment on Effective Date. |
| | Total amount of claims = Approx. $52,467 [excluding voluntarily reduced claims.] | | Payment amt/interval = Single payment of 75% of face amount of allowed claim. |
| | | | Begin date = Effective Date. |
| | | | End date = Single lump sum payment on Effective Date. |
| | | | Interest rate: Not applicable. |
| | | | Total payout = 75% on Effective Date. |

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| | | | |
| 8 | Wilcon Holdings, LLC aka Crown Castle Fiber | Yes | Payment Interval = Per Settlement Agreement at $10,387 per month. |
| | Total amount of claims = $124,274.69 per Settlement | | Payment amt/interval = Per Settlement Agreement at $10,387 per month. |
| | | | Begin date =    Per Settlement. |
| | | | End date =       Per Settlement. |
| | | | Interest rate:    Not applicable. |
| | | | Total payout = 100% |

**4.     Class(es) of Interest Holders.**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder.  The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 9 | Equity Security Holders | Yes | All equity security interests, including stock, options and warrants, are cancelled on the Effective Date.  Holders of allowed equity interests for common stock as of the Effective Date shall receive a proportionate share of any net Medley Litigation proceeds after full satisfaction of class 5 general unsecured claims, if any. |

**D.     Means of Effectuating the Plan.**

**1.     Funding for the Plan.**

The Plan will be funded by the following and will be implemented pursuant to the following steps:

1.     On the Effective Date, property of the estate will revest in the Debtor.

2.     The Debtor shall manage and operate its business generally in accordance with the projections attached as Disclosure Statement Exhibit 2.

3.     The Debtor shall make all Effective Date and subsequent fixed and recurring payments set forth in the Plan.

4.     At or before the Effective Date, Debtor shall assign standing to prosecute any claims against Medley ("Medley Litigation") to the Creditors' Committee and the Committee may settle, compromise, dismiss or otherwise dispose of such claims subject to Bankruptcy Court approval.  Any net proceeds recovered from the Medley Litigation shall be paid first to priority claims until paid in full and then all general unsecured creditors *pro rata* until paid in full and

then to former allowed equity security holders *pro rata* according to their percentage stock ownership in the Debtor as of the Effective Date.  The Committee shall remain in effect pending the resolution of any Medley Litigation.  If the Committee does not accept such claims, the Committee will terminate on the Effective Date and the Medley Litigation claims will remain vested in the post-confirmation Debtor.

5.    Within six (6) months of the Effective Date, Debtor shall have completed the sale of surplus MVF assets listed in Exhibit 7 to the Disclosure Statement (the "MVF PPE").  To the extent permitted by the Court to sell the MVF PPE and pay the proceeds to anyone other than Medley, net proceeds received by Debtor from such sale(s) shall be distributed as set forth herein.

6.    On the Effective Date, Debtor shall cancel all outstanding equity securities, including stock, options and warrants, and complete such regulatory requirements to delist Debtor's securities from the public market.

7.    Debtor shall authorize and issue 5,000,000 shares of common stock to HWAY, LLC in full satisfaction of Debtor's $803,923.13 cure obligation for assumption of the HWAY, LLC lease.  Mr. Bagerdjian holds a 99% membership interest in HWAY.

8.    Any distribution made by the Debtor that remains unclaimed and outstanding for more than ninety (90) days after issuance shall be cancelled, and any such property shall revest in the Debtor.

9.    The Debtor will not issue, nor will there be, any shares of non-voting securities of the Debtor, in accordance with 11 U.S.C. § 1123(a)(6).

10.    The Court will retain jurisdiction over the post confirmation estate until such estate is fully administered and a final decree is entered.

**2.    Post-confirmation Management.**

The Debtor will be revested with all property of the estate and shall manage all post-confirmation affairs.  Post-confirmation management will remain unchanged.  *See* Disclosure Statement § II(C).

### 3.    Disbursing Agent.

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The disbursing agent shall serve without bond and shall receive no additional compensation for distribution services rendered pursuant to the Plan.

### E.    Risk Factors.

The proposed Plan has the following risks: The primary risk is that the Court determines that the Debtor is not authorized to sell the MVF PPE and use the proceeds to pay general unsecured creditors.  A second risk is that the revenues necessary to fund the plan are not achieved due to general economic conditions and market factors.  A third risk is the sale proceeds received upon the liquidation of the MVF PPE necessary to fund unsecured creditor distributions are less than anticipated.  A fourth risk is that Austin has not committed to exit financing and there is a risk that it does not commit to exit financing and the Debtor is required to pay the DIP Facility in full on the Effective Date.  A risk is that the maturity of Medley's secured claim occurs on July 8, 2020 and the Debtor cannot demonstrate that it will have sufficient liquidity to pay Medley in full in cash on this date.  Finally, the Debtor risks that the Court finds that the Plan is otherwise not confirmable for reasons that may be raised prior to or at the Confirmation Hearing.

The Debtor does not believe that these risks prevent Plan confirmation because the projections are feasible, the MVF PPE recovery is based on an expert's valuation and the Debtor's anticipated financial performance would support an enterprise valuation making the Debtor creditworthy, with positive EBITDA sufficient to secure a new term loan.  Medley asserts that these risks prevent Plan confirmation because, among other reasons, the Plan is not confirmable, the projections are not feasible and the Debtor's anticipated financial performance does not support an enterprise valuation making the Debtor creditworthy, with positive EBITDA sufficient to secure a new term loan.

**F.    Other Provisions of the Plan.**

      **1.    Executory Contracts and Unexpired Leases.**

            **a.    Assumptions.**

On the Effective Date, Debtor's "executory" contracts and unexpired leases identified in Exhibit 6 to the Disclosure Statement will be assumed (i.e., cured and reinstated) as obligations of the reorganized Debtor.  Pursuant to 11 U.S.C. § 1123(b)(2), the plan constitutes a motion to assume such executory contracts and leases, pursuant to the requirements of 11 U.S.C. § 365. Debtor shall pay the cure payments or issue stock as identified in Exhibit 6 to the Disclosure Statement on the Effective Date of the Plan, unless otherwise agreed to by the Debtor and such contract or lease counterparty.

Any objection to Debtor's proposed cure payment shall be filed as an objection to Plan confirmation.  Confirmation of Debtor's Plan shall constitute adequate assurance of future performance under any such assumed contract or lease.  The order confirming the Plan will constitute an order approving assumption of executory contracts and unexpired leases as set forth herein.

            **b.    Rejections and Ride Through.**

There are no unexpired leases or executory contracts to be rejected.  Any and all executory contracts not otherwise assumed shall ride through the Plan process and remain in effect and unimpaired by the Plan, unless otherwise expressly assumed or rejected under the plan or by separate motion.

The Debtor was party to now expired collective bargaining agreements ("CBAs") with the Screen Actors Guild – American Federal of Television and Radio Artists ("SAG-AFTRA").  The parties have discussed new agreements, but none have been executed.  Nonetheless, the Debtor has continuing obligations to make contributions to the SAG-AFTRA Health Fund and AFTRA Retirement Fund on behalf of its employees represented by SAG-AFTRA.  Debtor intends to make those contributions in the ordinary course.  In this respect, the CBAs ride through the Plan confirmation process.

**2.    Changes in Rates Subject to Regulatory Commission Approval.**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**3.    Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

**III.**

**EFFECT OF CONFIRMATION OF PLAN**

**A.    Discharge.**

This Plan provides that the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, as specified in 11 U.S.C. § 1141.  The terms of the Plan will bind all creditors and parties in interest to the provisions thereof.

**B.    Revesting of Property in the Debtor.**

Except as provided in Section III(E), and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.    Modification of Plan.**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan. The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report.**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

The reorganized debtor's post-confirmation status reports shall reflect all income and disbursements for each quarter or portion thereof while the case remains open, and the

reorganized debtor shall timely pay U.S. Trustee Quarterly Fees pursuant to 28 U.S.C.

§ 1930(a)(6).

**E.      Post-Confirmation Conversion/Dismissal.**

A creditor or party in interest may bring a motion to convert or dismiss the case under

1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court

orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been

property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest

in the Chapter 7 estate.  The automatic stay will be reimposed upon the revested property, but

only to the extent that relief from stay was not previously authorized by the Court.

The order confirming the Plan may also be revoked under very limited circumstances. The Court

may revoke the order if the order of confirmation was procured by fraud and if the party in

interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of

the order of confirmation.

**F.      Final Decree.**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the

Debtor shall file a motion with the Court to obtain a final decree to close the case.

Dated:  December 5, 2018                    **Respectfully submitted,**

                                            **Lewis R. Landau**
                                            **Attorney-at-Law**


                                            By */s/ Lewis R. Landau*
                                            Lewis R. Landau
                                            Attorneys for Point.360, a California Corporation,
                                            Debtor and Debtor-in-Possession

14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): _____
DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION_____
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___12/05/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  __12/05/2018_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge Brand, US Bankruptcy Court, 255 E Temple Street, Suite 1382, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/05/2018 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**Ponit.360 NEF Service List:**

David E Ahdoot on behalf of Creditor AFTRA Retirement Fund dahdoot@bushgottlieb.com, kprestegard@bushgottlieb.com
David E Ahdoot on behalf of Creditor SAG-AFTRA dahdoot@bushgottlieb.com, kprestegard@bushgottlieb.com
David E Ahdoot on behalf of Creditor SAG-AFTRA Health Fund dahdoot@bushgottlieb.com, kprestegard@bushgottlieb.com
Daren Brinkman on behalf of Creditor Committee Official Committee Unsecured Creditors office@brinkmanlaw.com,
brinkmanlaw@ecf.inforuptcy.com
William S Brody on behalf of Creditor Austin Financial Services, Inc. wbrody@buchalter.com,
dbodkin@buchalter.com;IFS_filing@buchalter.com
Sara Chenetz on behalf of Interested Party Sara L. Chenetz schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com
Peter A Davidson on behalf of Interested Party Courtesy NEF pdavidson@ecjlaw.com, amatsuoka@ecjlaw.com
W. Jeffery Fulton on behalf of Creditor US Bank National Association jeff@jefffultonlaw.com, Yvonne@jefffultonlaw.com
Brian T Harvey on behalf of Creditor Austin Financial Services, Inc. bharvey@buchalter.com,
IFS_filing@buchalter.com;dbodkin@buchalter.com
Daniel P Hogan on behalf of Debtor Point.360, a California Corporation dhogan@mccabehogan.com, dhogan460@gmail.com
Daniel P Hogan on behalf of Defendant Deloitte Corporate Finance, LLC dhogan@mccabehogan.com, dhogan460@gmail.com
Daniel P Hogan on behalf of Defendant Deloitte Transactions and Business Analytics, LLP dhogan@mccabehogan.com, dhogan460@gmail.com
Daniel P Hogan on behalf of Defendant Medley Capital Corporation dhogan@mccabehogan.com, dhogan460@gmail.com
Daniel P Hogan on behalf of Defendant Medley Opportunity Fund II LP dhogan@mccabehogan.com, dhogan460@gmail.com
Daniel P Hogan on behalf of Plaintiff Point.360, a California Corporation dhogan@mccabehogan.com, dhogan460@gmail.com
Daniel P Hogan on behalf of Special Counsel Daniel P Hogan dhogan@mccabehogan.com, dhogan460@gmail.com
Garrick A Hollander on behalf of Interested Party Modern VideoFilm, Inc. ghollander@wcghlaw.com,
pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
William W Huckins on behalf of Creditor REEP-OFC 2300 Empire CA LLC whuckins@allenmatkins.com, clynch@allenmatkins.com
Robert A Julian on behalf of Defendant Deloitte Corporate Finance, LLC rjulian@winston.com, hhammon@winston.com
Robert A Julian on behalf of Defendant Deloitte Transactions and Business Analytics, LLP rjulian@winston.com, hhammon@winston.com
Robert A Julian on behalf of Defendant Medley Capital Corporation rjulian@winston.com, hammon@winston.com
Robert A Julian on behalf of Defendant Medley Opportunity Fund II LP rjulian@winston.com, hammon@winston.com
Robert A Julian on behalf of Plaintiff Point.360, a California Corporation rjulian@winston.com, hhammon@winston.com
Lance N Jurich on behalf of Defendant Deloitte Corporate Finance, LLC ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
Lance N Jurich on behalf of Defendant Deloitte Transactions and Business Analytics, LLP ljurich@loeb.com,
karnote@loeb.com;ladocket@loeb.com
Lance N Jurich on behalf of Defendant Medley Capital Corporation ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
Lance N Jurich on behalf of Defendant Medley Opportunity Fund II LP ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
Lance N Jurich on behalf of Plaintiff Point.360, a California Corporation ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
Lewis R Landau on behalf of Debtor Point.360, a California Corporation Lew@Landaunet.com
Lewis R Landau on behalf of Plaintiff Point.360, a California Corporation Lew@Landaunet.com
Alvin Mar on behalf of U.S. Trustee United States Trustee (LA) alvin.mar@usdoj.gov
David W. Meadows on behalf of Interested Party Courtesy NEF david@davidwmeadowslaw.com
Shane J Moses on behalf of Interested Party Courtesy NEF smoses@ml-sf.com, csnell@ml-sf.com
Austin P Nagel on behalf of Creditor Toyota Motor Credit Corporation, servicing agent for Toyota Lease Trust melissa@apnagellaw.com
Aleksandra Page on behalf of Creditor BB&T apage@ecf.inforuptcy.com
Sayuj Panicker on behalf of Interested Party Courtesy NEF spanicker@counsel.lacounty.gov
Laura J Portillo on behalf of Creditor Committee Official Committee Unsecured Creditors office@brinkmanlaw.com,
brinkmanlaw@ecf.inforuptcy.com
Justin E Rawlins on behalf of Creditor Medley Capital Corporation jrawlins@winston.com, docketla@winston.com;justin-rawlins-
0284@ecf.pacerpro.com
Justin E Rawlins on behalf of Creditor Medley Opportunity Fund II LP jrawlins@winston.com, docketla@winston.com;justin-rawlins-
0284@ecf.pacerpro.com
Vincent Renda on behalf of Creditor Leafs Properties, LP vr@rendalawoffices.com, ld@rendalawoffices.com
Michael B Reynolds on behalf of Creditor California Physicians' Service, dba Blue Shield of California mreynolds@swlaw.com,
kcollins@swlaw.com
Kevin C Ronk on behalf of Creditor Committee Official Committee Unsecured Creditors Kevin@brinkmanlaw.com,
brinkmanlaw@ecf.inforuptcy.com
Andrea C Rosati on behalf of Creditor LEAFS LP andrea@fsgjlaw.com, linh@fsgjlaw.com
Lisa Seabron on behalf of Creditor WRI West Gate South, L.P. lseabron@weingarten.com
Ronald A Spinner on behalf of Creditor Softitler dba Deluxe Localization Sfera spinner@millercanfield.com
Andrew Still on behalf of Creditor California Physicians' Service, dba Blue Shield of California astill@swlaw.com, kcollins@swlaw.com
Arvin Tseng on behalf of Creditor TROY / GOULD PC atseng@troygould.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Christopher B Wick on behalf of Creditor Crown Communication Inc. cwick@hahnlaw.com, lmay@hahnlaw.com
Latonia Williams on behalf of Creditor UnitedHealthcare Insurance Company lwilliams@goodwin.com, bankruptcy@goodwin.com
Gabe P Wright on behalf of Creditor Crown Communication Inc. GWRIGHT@hahnlaw.COM, mkanamori@hahnlaw.com