James C. Bastian, Jr. – Bar No. 175415
Melissa Davis Lowe – Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    jbastian@shbllp.com
        mlowe@shbllp.com

Attorneys for Creditors HWAY, LLC,
a California limited partnership, Haig
Bagerdjian, Brian Ehrlich and John Schweizer

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**POINT.360, a California corporation,**<br><br>Debtor. | Case No.  2:17-bk-22432-WB<br><br>Chapter  11<br><br>**OBJECTIONS OF HWAY LLC, HAIG BAGERDJIAN, BRIAN EHRLICH AND JOHN SCHWEIZER TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN FILED BY MEDLEY CAPITAL CORPORATION, MEDLEY OPPORTUNITY FUND II LP AND VISUAL DATA MEDIA SERVICES, INC.**<br><br>**[Request for Judicial Notice filed concurrently herewith]**<br><br>**Hearing Date:**<br>Date:  May 31, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 1375<br>      255 East Temple Street, 13th Floor<br>      Los Angeles, CA 90012 |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, MEDLEY CAPITAL CORPORATION, MEDLEY OPPORTUNITY FUND II LP AND VISUAL DATA MEDIA SERVICES, INC. AND THEIR COUNSEL, THE DEBTOR AND ITS COUNSEL, THE COMMITTEE AND ITS COUNSEL, CREDITORS AND OTHER PARTIES-IN-INTEREST:**

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1

1

6013-000 Creditors_Obj to Medley-VDMS Plan v2

HWAY, LLC, a California limited partnership ("HWAY"), Haig Bagerdjian, Brian Ehrlich and John Schweizer (collectively the "Executives" and with HWAY, the "Objecting Creditors") object to the Plan of Reorganization (docket 500) ("Medley/VDMS Plan")[1] Jointly Proposed by Medley Capital Corporation, Medley Opportunity Fund II LP and Visual Data Media Services, Inc. (collectively "Medley/VDMS"), and in support of the objection submit the following:

## I.     INTRODUCTION

Based in part on the filing of the Medley/VDMS Plan, on March 29, 2019 and April 1, 2019, the Objecting Creditors filed several proofs of unsecured claims and a Motion For Allowance and Payment of Administrative Expense Claim (collectively referred to here as the ("Objecting Creditors' Claims"), summarized as follows:

| Claim | Amount |
|---|---|
| Haig Bagerdjian proof of claim (Claim No. 97 on the Court's Claims Register) based on a Severance Agreement entered into prior to the Petition Date.[2] | $2,179,267.94 |
| Brian Ehrlich proof of claim (Claim No. 95 on the Court's Claims Register) based on a a Severance Agreement entered into prior to the Petition Date. | $884,448.37 |
| John Schweizer proof of claim (Claim No. 96 on the Court's Claims Register) based on a Severance Agreement entered into prior to the Petition Date.[3] | $705,874.88 |
| HWAY proof of claim (Claim No. 94 on the Court's Claims Register) based on a written standard industrial/commercial single-tenant lease agreement ("Lease") for the Debtor's business premises located at 1122 and 1133 North Hollywood Way, Burbank, California 91505 ("HWAY Premises"). | $1,195,936.86 |

---

[1] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Medley/VDMS Plan.

[2] Point.360, a California corporation, the debtor and debtor in possession ("Debtor") commenced its bankruptcy case on October 10, 2017 ("Petition Date").

[3] The severance claims of Mr. Bagerdjian, Mr. Ehrlich and Mr. Schweizer detailed in this chart will be collectively referred to herein as the "Severance Claims."

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1

2

6013-000 Creditors_Obj to Medley-VDMS Plan v2

| Claim | Amount |
|---|---|
| HWAY's Administrative Claim Motion (set for hearing on May 9, 2019)[4] ("HWAY Administrative Claim") | $480,077.83 |
| **Total Claims Not Accounted for Under the Medley/VDMS Plan** | **$5,445,605.88** |

The Objecting Creditors' Claims were filed in the event the Medley/VDMS Plan is confirmed and the Executives' employment with the Debtor is terminated or a "change in control" triggering a right to severance payment occurs, or in the case of HWAY, the HWAY Lease is rejected.

The Objecting Creditors oppose confirmation of the Medley/VDMS Plan on the grounds that:

(1) Medley/VDMS have failed to establish that they have the funding necessary to make proposed plan payments;

(2) that the Medley/VDMS Plan is extremely vague and non-committal as to the actual amount of money allocated to be paid to creditors;

(3) the Medley/VDMS Plan fails to account for appropriate treatment of the Objecting Creditors' Claims;

(4) the Medley/VDMS Plan is substantially worse for creditors than the Debtor's Plan in part because under the Debtor's Plan, the Objecting Creditors' Claims will be eliminated;

(5) as a result of the Objecting Creditors' Claims, the distribution to unsecured creditors will be far less than as estimated under the Medley/VDMS Plan;

(6) Medley/VDMS fail to present credible evidence of feasibility;

---

[4] Since the Petition Date, the Debtor has continued to operate it business on commercial real property leased from HWAY located at 1122 and 1133 North Hollywood Way, Burbank, California 91505 ("HWAY Premises"). By the Administrative Claim Motion, HWAY seeks entry of an order for allowance and directing payment of an administrative expense claim under 11 U.S.C. § 503(b)(1)(A) for the following unpaid rent due related to the HWAY Premises (i) rent due for the period from the Petition Date through October 31, 2017, in the total amount of $47,136.63, (ii) unpaid late fees incurred after the Petition Date in the total amount of $32,941.20, and (iii) unpaid maintenance fees incurred after the Petition Date in the amount of approximately $400,000.00, for a total administrative claim of $480,077.83 as of March 31, 2019. To the extent that the Debtor fails to pay other amounts due under the Lease from and after March 31, 2019, Landlord reserves the right to either amend Administrative Claim Motion or bring a separate motion for allowance and payment of the additional unpaid administrative claim amounts.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

(7) the Medley/VDMS Plan does not have an impaired consenting class;

(8) the Medley/VDMS Plan is not fair and equitable and violates the absolute priority rule; and

(9) the Medley/VDMS Plan is not proposed in good faith because it is clearly motivated by Medley and VDMS attempting to eliminate VDMS's competition and further does not promote the public policy of preserving jobs but instead, merely agrees to pay what they believe are valid claims and obtain releases for themselves.

For all these reasons which will be discussed in greater detail below, the Objecting Creditors request the Court deny confirmation of the Medley/VDMS Plan.

## II. OBJECTION TO CONFIRMATION OF THE MEDLEY/VDMS PLAN

### A. The Medley/VDMS Plan Fails to Account For the Appropriate Treatment of Various Claims Which Will Affect the Recovery to Unsecured Creditors.

As listed above, the Medley/VDMS Plan fails to account for the appropriate treatment of over $5 million of claims. First, the Medley/VDMS Plan fails to account for payment of HWAY's administrative claim of $480,077.83. Such sum would have to be paid in full before any distribution to unsecured creditors is made and would reduce the recovery to general unsecured creditors.

Further, HWAY's unsecured claim for rejection of the Lease totals almost $2 million (Claim 48 for pre-petition rent of $803,926.13 plus Claim 94 for additional amounts calculated under Section 502(b)(6) in the amount of $1,195,936.86). The Medley/VDMS Plan, however, includes the HWAY unsecured claim at only $1.4 million. As such, the distribution to Class 6 unsecured creditors will be diluted by the increase of HWAY's unsecured claim by almost $600,000.

In addition, and as noted in the Medley/VDMS Plan, there are potential additional claims to be made by Mr. Bagerdjian and others related to severance in the event of a change in control of the Debtor's ownership or a termination of their employment. If the Medley/VDMS Plan is confirmed, there will be a change in control because the Debtor's assets will be transferred to VDMS. On this basis, Mr. Bagerdjian, Mr. Ehrlich and Mr. Schweizer filed the Severance Claims totaling over $3.7 million.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1
6013-000 Creditors_Obj to Medley-VDMS Plan v2

4

With these additional claims, the Debtor's estimate for a 50% distribution to unsecured creditors is simply not possible. The Medley/VDMS Plan estimates total Class 6 claims at $3,117,075. This is less than half of the total claims to be paid if the Severance Claims are allowed in full and HWAY's rejection claim is increased by almost $600,000 as discussed above. Specifically, total Class 6 claims would be increased to approximately $7,486,665. Combined with having to pay HWAY's administrative claim in full before paying Class 6 claims in any amount, the recovery to Class 6 Claims, if the Medley/VDMS numbers are to be believed, would be reduced from approximately 50% to approximately 20%.[5]

It should also be noted that the Debtor has claims pending against VDMS for aiding and abetting ex-Modern Video employees for misappropriation of trade secrets, breach of duty of loyalty and other claims (the "VDMS Litigation").[6] The VDMS Litigation is not discussed or disclosed in the Medley/VDMS Plan or Disclosure Statement. If VDMS is found liable, it would further increase creditor claims to be paid and thereby reduce the pro rata distribution to unsecured creditors.

If the Medley/VDMS Plan is approved, the recovery to general unsecured creditors will be severely diluted due to these additional claims that are not accounted for under the Medley/VDMS Plan. Medley/VDMS simply cannot pay Class 6 Creditors close to 50% of their claims when the additional claims discussed above are included.

In the alternative, the Debtor's plan eliminates HWAY's rejection claim and HWAY's administrative claim (because HWAY has agreed to waive its claim if the Debtor's plan is confirmed), and eliminates the Severance Claims (because there will be no change in control so no severance would be owed). The elimination of such claims increases and improves the position of other creditors.

///

---

[5] This assumes Medley/VDMS will have the funds to pay even a 20% distribution. As discussed more fully below in Section II.C., however, Medley/VDMS provide no evidence that it will obtain financing or otherwise have funds available to pay any amount to unsecured creditors.

[6] The VDMS Litigation is listed as an asset of the Estate on the Debtor's Bankruptcy Schedules filed on November 1, 2017 [Docket 45].

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1
6013-000 Creditors_Obj to Medley-VDMS Plan v2

5

In summary, the Medley/VDMS Plan cannot be confirmed because the information provided to unsecured creditors was woefully inaccurate and the distribution to unsecured creditors will be severely reduced due to the additional claims to be made if the Medley/VDMS Plan is confirmed.

**B.    The Medley/VDMS Plan Fails to Meet the Requirements of 11 U.S.C. §1129(a)(9).**

11 U.S.C. §1129(a)(9)(A) requires that administrative claims and expenses entitled to priority are entitled to receive cash on the effective date of the plan equal to the allowed amount of the claim, unless the holder of such claim agrees to a different treatment.

Here, HWAY has an administrative claim for post-petition rent totaling $480,077.83 subject to HWAY's pending motion for allowance of the HWAY Administrative Claim which is set for hearing on May 9, 2019.  The Medley/VDMS Plan fails to provide for payment of the HWAY Administrative Claim and on that basis alone, the Medley/VDMS Plan cannot be confirmed.

**C.    The Medley/VDMS Plan Fails to Meet the Requirements of 11 U.S.C. §1129(a)(11).**

To be confirmed, a plan must be "feasible." *See*, 11 U.S.C. § 1129(a)(11). To determine a plan's feasibility, the court must expressly find that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or need for further reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." *Id.* Demonstrating feasibility under section 1129(a)(11) requires a showing that the plan has a "reasonable probability of success." *In re Acequia*, 787 F.2d 1352, 1364 (9th Cir. 1986).

The Medley/VDMS Plan is extremely vague and non-committal as to the actual amount of money allocated to be paid to creditors.  More importantly, the Medley/VDMS Plan fails to provide sufficient evidence that it has procured the necessary financing to make all payments to creditors called for under the Medley/VDMS Plan.  The Plan states that all creditor payments will be funded directly by VDMS but Medley/VDMS present no evidence that VDMS has the means available to make all payments.  Specifically, the Disclosure Statement at Section III.D.1. states as follows:

> VDMS has entered into a confidential term sheet with a third party lender who will provide VDMS with the funding for the Medley/VDMS Plan.  VDMS is highly confident that this financing will be available for its use to fund the Medley/VDMS Plan and that the loan commitment and the loan documents will be available substantially prior to the anticipated hearing on confirmation of the Medley/VDMS Plan.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1
6013-000 Creditors_Obj to Medley-VDMS Plan v2

6

The Medley/VDMS Plan admits that "there is a possible risk that VDMS will not have all funds necessary to implement the Medley/VDMS Plan on the Effective Date." (*See*, Disclosure Statement at pg. 40, lines 1-2.)

Even if Medley/VDMS can show that they have the necessary financing to pay 50% of estimated claims of $3.1 million, Class 6 claims will be more than double that as discussed above. Medley/VDMS provide no evidence or any assertion that it would be able to obtain financing to pay approximately 50% of over $7.4 million in claims (and which could be higher if VDMS is found liable in the VDMS Litigation). Moreover, the Medley/VDMS Plan fails to demonstrate that it will have funds available to pay ongoing United States Trustee fees and other administrative fees and overhead costs necessary to keep the case open while avoidance claims are litigated. The Medley/VDMS Plan proposes to sell all of the Debtor's assets yet leave the Debtor in existence to litigate avoidance actions. Medley/VDMS will not have the ability or funding to do so.

In summary, there are many variables which must be resolved before unsecured creditors are paid. The timing and amount of payment is highly uncertain and the Medley/VDMS Plan fails to evidence that it has the means to make all payments to Creditors as proposed in the Medley/VDMS Plan with reasonable probability. The Medley/VDMS Plan cannot be confirmed because it is not feasible.

**D.   The Medley/VDMS Plan Fails to Meet the Requirements of 11 U.S.C. §1129(a)(10).**

The Medley/VDMS also fails Section 1129(a)(10) because there is no impaired consenting class. Medley/VDMS was likely counting on Class 2 (Secured Claim of Medley) to be its impaired consenting class. Based on the recent complaint filed against Medley seeking disallowance of its claim as well as subordination and recharacterization of its claim, Commencing Case Adv. Case No. 2:19-ap-01129-WB ("Subordination Complaint"), however, Medley does not have an allowed claim for voting purposes.[7]

///

---

[7] A true and correct copy of the Subordination Complaint is attached to the Request for Judicial Notice filed concurrently herewith as Exhibit 1.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1

7

6013-000 Creditors_Obj to Medley-VDMS Plan v2

Section 1126 states that only allowed claims can vote to accept or reject a plan. Whether a claim is "allowed" is determined under Section 502. Section 502(a) states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." As such, the holder of a claim that is disputed may not vote that claim to accept or reject a chapter 11 plan. *See, Jacksonville Airport, Inc. v. Michkeldel, Inc.,* 434 F.3d 729, 731 (4th Cir. 2006); *In re M. Long Arabians*, 103 B.R. 211, 215 (B.A.P 9th Cir. 1989). Here, as of the date of filing this Motion, Medley has no allowed claim as a result of the Subordination Complaint and as such, Class 2 cannot be Medley/VDMS's impaired consenting class.

With no consenting impaired class, the Plan cannot be confirmed because it does not meet the requirement of Section 1129(a)(10).

**E.    The Medley/VDMS Plan Fails to Meet the Requirements of 11 U.S.C. §1129(a)(8) and 1129(b)**

Assuming for the sake of argument that Medley/VDMS can get past the issues raised above, the Medley/VDMS Plan fails to meet the requirements of Section 1129(a)(8) and as such, cannot be confirmed. Pursuant to 11 U.S.C. §1129(a)(8), each class of claims must have either accepted the plan or not be impaired under the plan. A debtor seeking confirmation of a nonconsensual plan and to "cram down" the plan on the non-accepting class must satisfy two additional requirements: (i) the plan must not discriminate unfairly; and (ii) the plan must be "fair and equitable" with respect to each class of impaired claims that has not accepted the plan. *See*, 11 U.S.C. §1129(b)(1).

Pursuant to Section 1129(b)(2)(B), to be fair and equitable with respect to a class of unsecured claims, the plan must either provide either: (i) "that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim" or (ii) that "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section."

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1

8

6013-000 Creditors_Obj to Medley-VDMS Plan v2

Here, Class 6 is impaired and voted to reject the Plan. The Medley/VDMS Plan is not fair and equitable to Class 6 because the proposed recovery to Medley subverts the absolute priority of Section 1129(b)(2)(B)(ii). Specifically, as set forth in the Subordination Complaint, Medley's secured claim is truly an equity claim and must be subordinated pursuant to Section 510(b). As a subordinated claim of equity, all unsecured creditors must be paid in full before Medley receives any recovery. The Medley/VDMS Plan; however, proposes to pay Medley the sum of $3.5 million on the effective date plus up to $100,000 in attorneys' fees plus warrants to acquire up to 10% of the equity in VDMS plus full releases. (*See*, Medley/VDMS Plan at pages 7-8.) Because Medley will receive a recovery on its equity interest before unsecured creditors are paid in full, the Medley/VDMS Plan violates the absolute priority rule and Sections 1129(a)(8) and 1129(b).

Based on the above, the Medley/VDMS Plan cannot be confirmed because it cannot cram down its plan over the rejection of impaired Class 6 unsecured creditors.

**F.    The Medley/VDMS Plan Fails to Meet the Requirements of 11 U.S.C. §1129(a)(3).**

Finally, the Medley/VDMS Plan fails because it was not proposed in good faith as required by 11 U.S.C. §1129(a)(3). The Medley/VDMS Plan does not meet this requirement because it is clearly motivated by Medley/VDMS's own self-interest without any care for the best interest of the creditors.

VDMS is a competitor of the Debtor. Medley previously acquired equity in the Debtor and is inappropriately asserting a secured claim and proposing to be paid $3.5 million plus potential upside from warrants to be issued. Now having partnered with VDMS, Medley is effectively using a competitor of the Debtor to put the Debtor out of business and obtain a greater recovery to which it would otherwise be entitled. At the same time, VDMS is able to eliminate one of its competitors. On these undisputed facts, the only conclusion to reach is that Medley and VDMS proposed the Medley/VDMS Plan in bad faith to benefit themselves. There is no bankruptcy purpose behind the Medley/VDMS Plan and it does not benefit the unsecured creditors. For these reasons which are more fully set forth in the Subordination Complaint, Medley and VDMS's motivations are anything but good faith.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1

9

6013-000 Creditors_Obj to Medley-VDMS Plan v2

Further, the Medley/VDMS Plan clearly gives no care for the best interest of the Debtor's employees or creditors. The Medley/VDMS Plan does not promote the public policy to preserve and retain jobs in the reorganization. *See*, *In re Bashas' Inc.,* 437 B.R. 874, 902 (Bankr. D. Ariz. 2010); *In re M. Waikiki LLC*, 2012 Bankr. LEXIS 3235 *25-26 (Bankr. D. Haw. July 10, 2012). Specifically, the Medley/VDMS Plan gives no assurance of future employment and further, if an employee is terminated post-confirmation and did not file a claim for pre-bankruptcy severance, the employee likely will not be paid for that unfiled claim. Put simply, instead of preserving jobs and maintaining the business, the Medley/VDMS Plan only proposes to pay valid claims while obtaining releases for Medley and VDMS. Moreover, the Medley/VDMS Plan is substantially worse for creditors than the Debtor's Plan in part because under the Debtor's Plan, the Objecting Creditors' Claims will be eliminated.

The Debtor's Plan, on the other hand, will result in the continued employment of the Debtor's employees and continued business operations. In addition, as discussed above, it will result in the waiver of over $5 million in claims and will provide a much larger recovery to unsecured creditors.

For these reasons, the Medley/VDMS Plan fails to meet the requirements of 11 U.S.C. 1129(a)(3) and as such, the Medley/VDMS Plan cannot be confirmed.

### III. CONCLUSION

Based upon the foregoing, the Objecting Creditors object to confirmation of the Medley/VDMS Plan and respectfully request that the Court enter an order denying confirmation of the Medley/VDMS Plan and for such other and further relief as the Court deems just and proper.

Dated: May 3, 2019        Respectfully submitted,

**SHULMAN HODGES & BASTIAN LLP**

/s/ James C. Bastian, Jr.

James C. Bastian, Jr.
Melissa Davis Lowe
Attorneys for Creditors HWAY, LLC, a California limited partnership, Haig Bagerdjian, Brian Ehrlich and John Schweizer

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6013-000\1361049.1        10
6013-000 Creditors_Obj to Medley-VDMS Plan v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled **OBJECTIONS OF HWAY LLC, HAIG BAGERDJIAN, BRIAN EHRLICH AND JOHN SCHWEIZER TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN FILED BY MEDLEY CAPITAL CORPORATION, MEDLEY OPPORTUNITY FUND II LP AND VISUAL DATA MEDIA SERVICES, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 3, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On **May 3, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
U.S. Bankruptcy Court
Attn: Hon Julia W. Brand
255 East Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 3, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Medley Capital Corporation and
Medley Opportunity Fund II LP (via
Email)**
Carey D. Schreiber, Esq.
Email: cschreiber@winston.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **May 3, 2019** | **Erlanna Lohayza** | */s/ Erlanna Lohayza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

**NEF SERVICE LIST**

David E Ahdoot on behalf of AFTRA Retirement Fund, SAG-AFTRA, SAG-AFTRA Health Fund
dahdoot@bushgottlieb.com, kprestegard@bushgottlieb.com

James C. Bastian on behalf of HWAY LLC
jbastian@shbllp.com

Ron Bender on behalf of Party Visual Data Media Services, Inc.
rb@lnbyb.com

Daren Brinkman on behalf of Official Committee Unsecured Creditors
office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

William S Brody on behalf of Austin Financial Services, Inc.
wbrody@buchalter.com, dbodkin@buchalter.com; IFS_filing@buchalter.com

Sara Chenetz on behalf of Interested Party
schenetz@perkinscoie.com, dlax@perkinscoie.com; cmallahi@perkinscoie.com

Peter A Davidson on behalf of Interested Party
pdavidson@ecjlaw.com, amatsuoka@ecjlaw.com

W. Jeffery Fulton on behalf of US Bank National Association
jeff@jefffultonlaw.com, Yvonne@jefffultonlaw.com

Jeffrey F Gersh on behalf of Visual Data Media Services, Inc.
jgersh@gershlegal.com, hnapier@gershlegal.com; jsedivy@gershlegal.com; hcory@stubbsalderton.com; jgersh@stubbsalderton.com; jsedivy@stubbsalderton.com

Asa S Hami on behalf of Visual Data Media Services, Inc.
ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com

Brian T Harvey on behalf of Austin Financial Services, Inc.
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

Daniel P Hogan on behalf of Deloitte Corporate Finance, LLC, Deloitte Transactions and Business Analytics, LLP, Medley Capital Corporation, Medley Opportunity Fund II LP
dhogan@mccabehogan.com, dhogan460@gmail.com

Garrick A Hollander on behalf of Party Modern VideoFilm, Inc.
ghollander@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com

William W Huckins on behalf of REEP-OFC 2300 Empire CA LLC
whuckins@allenmatkins.com, clynch@allenmatkins.com

Robert A Julian on behalf of Deloitte Corporate Finance, LLC, Deloitte Transactions and Business Analytics, LLP, Medley Capital Corporation, Medley Opportunity Fund II LP
rjulian@winston.com, hhammon@winston.com

Lance N Jurich on behalf of Deloitte Corporate Finance, LLC, Deloitte Transactions and Business Analytics, LLP, Medley Capital Corporation, Medley Opportunity Fund II LP
ljurich@loeb.com, karnote@loeb.com; ladocket@loeb.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**

David S Kupetz on behalf of Visual Data Media Services, Inc.
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com; dperez@ecf.courtdrive.com; dkupetz@ecf.courtdrive.com

Lewis R Landau on behalf of Debtor Point.360, a California Corporation
Lew@Landaunet.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

David W. Meadows on behalf of Interested Party
david@davidwmeadowslaw.com

Elissa Miller on behalf of Interested Party Visual Data Media Services, Inc.
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; emillersk@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com

Susan I Montgomery on behalf of UnitedHealthcare Insurance Company
susan@simontgomerylaw.com, assistant@simontgomerylaw.com; simontgomerylawecf.com@gmail.com; montgomerysr71631@notify.bestcase.com

Shane J Moses on behalf of Interested Party
sjm@moseslaw.co

Austin P Nagel on behalf of Toyota Motor Credit Corporation, servicing agent for Toyota Lease Trust
melissa@apnagellaw.com

Sean A OKeefe on behalf of Harbor Center Partners, L.P.
sokeefe@okeefelc.com, seanaokeefe@msn.com

Aleksandra Page on behalf of BB&T
apage@ecf.inforuptcy.com

Sayuj Panicker on behalf of Los Angeles County Treasurer and Tax Collector
spanicker@counsel.lacounty.gov

Laura J Portillo on behalf of Official Committee Unsecured Creditors
office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Justin E Rawlins on behalf of Medley Capital Corporation, Medley Opportunity Fund II LP
jrawlins@winston.com, docketla@winston.com;justin-rawlins-0284@ecf.pacerpro.com

Vincent Renda on behalf of Leafs Properties, LP
vr@rendalawoffices.com, ld@rendalawoffices.com

Michael B Reynolds on behalf of California Physicians' Service, dba Blue Shield of California
mreynolds@swlaw.com, kcollins@swlaw.com

Jason E Rios on behalf of CVF Capital Partners, Inc., Central Valley Fund III (SIBC), LP and Central Valley Fund II, LP
jrios@ffwplaw.com, scisneros@ffwplaw.com

Kevin C Ronk on behalf of Official Committee Unsecured Creditors
Kevin@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                         **F 9013-3.1.PROOF.SERVICE**

Andrea C Rosati on behalf of LEAFS LP
andrea@fsgjlaw.com, linh@fsgjlaw.com

Lisa Seabron on behalf of WRI West Gate South, L.P.
lseabron@weingarten.com

Ronald A Spinner on behalf of Softitler dba Deluxe Localization Sfera
spinner@millercanfield.com

Andrew Still on behalf of California Physicians' Service, dba Blue Shield of California
astill@swlaw.com, kcollins@swlaw.com

Arvin Tseng on behalf of TROY / GOULD PC
atseng@troygould.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher B Wick on behalf of Crown Communication Inc.
cwick@hahnlaw.com, lmay@hahnlaw.com

Latonia Williams on behalf of UnitedHealthcare Insurance Company
lwilliams@goodwin.com, bankruptcy@goodwin.com

Gabe P Wright on behalf of Crown Communication Inc.
GWRIGHT@hahnlaw.COM, mkanamori@hahnlaw.com

Claire K Wu on behalf of Visual Data Media Services, Inc.
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com; ckwu@ecf.courtdrive.com; ckwu@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**