WINSTON & STRAWN LLP
JUSTIN E. RAWLINS (SBN: 209915)
jrawlins@winston.com
ROLF S. WOOLNER (SBN: 143127)
rwoolner@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700; Facsimile: (213) 615-1750

CAREY D. SCHREIBER (admitted *pro hac vice*)
cschreiber@winston.com
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700; Facsimile: (212) 294-4700

Counsel for Medley Capital Corporation and
Medley Opportunity Fund II LP

SULMEYERKUPETZ
A Professional Corporation
DAVID S. KUPETZ (SBN 125062)
dkupetz@sulmeyerlaw.com
333 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071-1543
Telephone: (213) 626-2311; Facsimile: (213) 629-4520
Counsel for Visual Data Media Services, Inc.

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:17-bk-22432-WB |
| Point.360, a California corporation, | Chapter 11 |
| Debtor. | **DECLARATION OF PETER BURTON IN SUPPORT OF MEDLEY/VDMS PLAN PROPONENTS' MEMORANDUM OF LAW (I) IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION JOINTLY PROPOSED BY MEDLEY CAPITAL CORPORATION, MEDLEY OPPORTUNITY FUND II LP AND VISUAL DATA MEDIA SERVICES, INC. AND (II) IN OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |
| | Date: May 31, 2019<br>Time: 10:00 am<br>Place: Courtroom 1375; Judge Brand |

**DECLARATION OF PETER BURTON**

I, Peter Burton, declare as follows:

1.  I am a Principal of Medley Capital Corporation ("**MCC**") and Medley Opportunity Fund II LP ("**MOF**" and, together with MCC, "**Medley**"). I have personal knowledge of the facts stated in this declaration, and could and would testify to these facts if called upon to do so.

2.  This declaration is offered in support of the *Medley/VDMS Plan Proponents' Memorandum of Law (I) In Support of Confirmation of Plan of Reorganization Jointly Proposed by Medley Capital Corporation, Medley Opportunity Fund II LP and Visual Data Media Services, Inc. [With Minor Modifications 2/21/19] and (II) In Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization [With Minor Modifications]* (the "**Medley/VDMS Confirmation Brief**"),[1] filed concurrently herewith.

3.  In July 2015, the Debtor, Medley, and others were parties to an Article 9 foreclosure sale that included the following agreements and documents:[2]

    a.  the Sale Agreement Pursuant to Article 9 of the Uniform Commercial Code, dated as of July 8, 2015, among the Debtor, Bagerdjian, the MVF Seller and the MVF Lenders (**Exhibit A** hereto);

    b.  a General Assignment and Bill of Sale, dated as of July 8, 2015, by MCC (**Exhibit B** hereto);

    c.  a Warrant to Purchase Shares of Common Stock of Point.360, dated as of July 2015, by and between the Debtor and MCC (**Exhibit C** hereto);

    d.  a Warrant to Purchase Shares of Common Stock of Point.360, dated as of July 2015, by and between the Debtor and MOF (**Exhibit D** hereto);

    e.  a Warrant to Purchase Shares of Common Stock of Point.360, dated as of July 2015, by and between the Debtor and Congruent Credit Opportunities Fund II (**Exhibit E** hereto);

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Medley/VDMS Confirmation Brief.

[2] The documents attached to this declaration as Exhibits A-S were previously attached as exhibits to my declaration in Adv. Pro. No. 2:18-ap-01435-WB at Docket No. 10. I am providing them again in the interest of completeness of the record in connection with confirmation.

    f. a Warrant to Purchase Shares of Common Stock of Point.360, dated as of July 2015, by and between the Debtor and Main Street Equity Interests, Inc. (**Exhibit F** hereto);

    g. a Registration Rights Agreement, dated as of July 8, 2015, by and among the Debtor, MCC, MOF, Main Street and Congruent (**Exhibit G** hereto);

    h. a Letter Agreement, dated as of July 8, 2015, by and among MCC, MOF, Congruent and Main Street (**Exhibit H** hereto);

    i. a Landlord Waiver and Consent, dated as of July 9, 2015, delivered by MCC to CA-Colorado Center, L.L.C. (**Exhibit I** hereto); and

    j. a Landlord Waiver and Consent, dated as of July 9, 2015, delivered by MCC to Walt Disney World Co. (**Exhibit J** hereto).

4. In July 2015, the Debtor and Medley were parties to term loan financing that included the following agreements and documents:

    k. the Term Loan Agreement, dated as of July 8, 2015, among the Debtor, MCC and MOF (the "**Term Loan Agreement**") (**Exhibit K** hereto);

    l. the Security Agreement, dated as of July 8, 2015, among the Debtor, MCC and MOF (**Exhibit L** hereto);

    m. a Promissory Note, dated as of July 8, 2015, issued by the Debtor to MCC (**Exhibit M** hereto);

    n. a Promissory Note, dated as of July 8, 2015, issued by the Debtor to MOF (**Exhibit N** hereto);

    o. a Warrant to Purchase Shares of Common Stock of Point.360, dated as of July 2015, by and between the Debtor and MCC (**Exhibit O** hereto);

    p. a Warrant to Purchase Shares of Common Stock of Point.360, dated as of July 2015, by and between the Debtor and MOF II (**Exhibit P** hereto);

    q. the Legal Opinion of TroyGould, dated as of July 8, 2015, delivered to MCC (**Exhibit Q** hereto);

    r. a Perfection Certificate of Point.360, dated as of July 8, 2015, delivered to MCC and MOF (**Exhibit R** hereto); and

    s. UCC-1 Financing Statements filed against the Debtor in favor of MCC and MOF (**Exhibit S** hereto).

5.      The Debtor borrowed all of the Term Loans under the Term Loan Agreement. Medley's records indicate that, prior to the Petition Date, the Debtor gave written election to have interest otherwise payable in cash capitalized and added to the principal of the term loans ("**PIK Interest**"), pursuant to section 2 of the Term Loan Agreement, for the months of March 2017 through August 2017. Medley's records indicate as of the Petition Date, the Debtor was in default and indebted to Medley in an aggregate principal amount of $6,000,000, together with an additional $572,764.28 in accrued and unpaid prepetition interest, of which $443,866.61 constitutes PIK Interest.

6.      Since the Petition Date, the Debtor has not paid interest on the Term Loans or given written notice of an election to PIK Interest. Medley's records indicate that as of June 30, 2019, the Debtor owes Medley no less than $1,288,100.19 in postpetition interest.

7.      Pursuant to section 21 of the Term Loan Agreement, the Debtor is obligated to reimburse Medley for its legal fees and expenses. Medley's total legal fees and expenses in connection with this matter through March 31, 2019 were no less than $2,243,555.71. As Medley's legal fees and expenses continue to accrue, I reserve the right to update this amount as of a date closer to the confirmation hearing.

8.      As such, the Debtor is in default under the Term Loan Agreement and, assuming a Debtor Plan Effective Date of June 30, 2019, must cure (a) $128,897.67 in prepetition interest,[3] (b) $1,288,100.19 in postpetition interest and (c) $2,243,555.71 in legal fees and costs.

9.      Although interest, fees and expenses (including legal fees and expenses) continue to accrue and remain unpaid, Medley estimates that on the Medley Loan Maturity Date (i.e., July 8, 2020), assuming no payments are made beforehand, the Debtor will be required to pay Medley no less than $8,616,922.47 (plus interest, fees and expenses (including legal fees and expenses) and other obligations owing to Medley that continue to accrue).[4]

*[Signature page follows]*

---

[3] The difference between $572,764.28 and $443,866.61 in prepetition PIK Interest.
[4] Medley has utilized a 3-month LIBOR forward curve from Bloomberg as of September 28, 2018 to determine the 3-month LIBOR rates beyond May 31, 2019. *See* Term Loan Agreement, §§ 1(a), 2.

1 |     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements
2 | are true and correct to the best of my knowledge, information and belief.

4 | Dated: May 3, 2019

/s/ Peter Burton