**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, CA  91302
Voice and Fax: (888)822-4340
*Email: Lew@Landaunet.com*

Attorney for Debtor and
Debtor in Possession

FILED & ENTERED

JUN 11 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoar DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Point.360, a California corporation,<br><br>　　　　　　　　　　Debtor. | Case No.: 2:17-bk-22432 WB<br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN AS MODIFIED**<br><br>**Plan Confirmation Hearing**<br>Date:　June 5, 2019<br>Time:　3:00 p.m.<br>Place:　Courtroom 1375; Judge Brand<br>　　　　U.S. Bankruptcy Court<br>　　　　255 E. Temple Street, 13th Floor<br>　　　　Los Angeles, CA 90012 |

On May 31, 2019 at 9:00 a.m., June 3, 2019 at 9:00 a.m. and June 5, 2019 at 3:00 p.m. in the Courtroom of the Honorable Julia Brand, United States Bankruptcy Judge, the Court considered the matter of confirming Second Amended Chapter 11 Plan as modified December 10, 2018 [ECF # 438] as modified (collectively, the "Plan") pursuant to 11 U.S.C. §§ 1128 and 1129(a).  All appearances were made as noted on the record.

///

///

///

    The Court, having considered the Debtor's Plan, all of the evidence filed and offered in support and opposition to confirmation, as well as the arguments and evidence presented at the confirmation hearings and having entered findings and conclusions in support of the confirmation on the record, hereby **ORDERS** as follows:

1. ***On June 10, 2019, the*** ~~The~~ Plan is confirmed pursuant to 11 U.S.C. § 1129(a). The Effective Date of the Plan is the date of entry of this order. The Debtor's discharge shall be deemed entered contemporaneously with the Plan Effective Date.

2. It shall be a condition to the Effective Date of the Debtor's Plan that (1) Haig Bagerdjian, or his nominee or assignee (the "New Lender") shall be assigned all rights of Class 1 Secured Creditor Austin Financial Services, Inc. on or before the Effective Date and (2) New Lender shall extend financing to the Reorganized Debtor on the terms of the existing DIP facility with availability of credit provided to the Reorganized Debtor up to $3 million and the maturity of this credit facility extended to July 8, 2020.

3. The following Plan modifications are authorized pursuant to 11 U.S.C. § 1127 and are deemed incorporated into the Plan as non-material plan modifications that do not materially and adversely affect any party that previously voted for the Plan:

    a. The language in the Treatment section for Class 1 found in the chart on page 5, line 19 of the Debtor's Plan shall be deleted and replaced with the following:

    Haig Bagerdjian, or his nominee or assignee (the "New Lender") shall be assigned all rights of Class 1 Secured Creditor Austin Financial Services, Inc. on or before the Effective Date. New Lender shall extend financing to the Reorganized Debtor on the terms of the existing DIP facility with availability of credit provided to the Reorganized Debtor up to $3 million and the maturity of this credit facility extended to July 8, 2020.

    b. The following language shall be inserted at the end the Treatment section of chart on page 8, line 11 of the Debtor's Plan:

    Haig Bagerdjian shall personally guarantee each of the monthly payments required to be made to Class 6 up to and including July 8, 2020.

  c. Section II.D.4. of the Debtor's Plan on page 9, beginning at line 23-24 shall be deleted in its entirety and replaced with the following language:

At or before the Effective Date, Debtor and the Committee shall share standing to prosecute any claims, including claims objections, against Medley Capital Corporation and Medley Opportunity Fund II, LP ("Medley Litigation") and the Debtor and the Committee may settle, compromise, dismiss or otherwise dispose of such claims subject to Bankruptcy Court approval. The Committee shall also share standing with the Debtor to participate against any appeal of an order confirming this Plan.  The Debtor's counsel and Committee counsel shall cooperate to avoid duplication of fees and costs when their interests are aligned. For any professional fees and expenses accrued after the Effective Date, the Committee's counsel shall be compensated at the blended hourly rate of $425, and paid upon seven (7) calendar days' notice to the post-confirmation Debtor without further motion, application, notice or other order of the Bankruptcy Court.  If the post-confirmation Debtor brings an objection to the Committee counsel's billing statement that is timely served and no consensual resolution can be reached, the Committee's counsel may ask the Bankruptcy Court to resolve the dispute. The Committee's counsel will not charge for its efforts in monitoring the post-confirmation Debtor's compliance with this Plan unless there is a default of one or more of the Plan terms and/or there is a materially adverse change in the Plan. The post-confirmation Debtor shall pay all of the Committee's reasonable fees, including attorneys' fees, and expenses after such default or materially adverse change in the Plan. Any net proceeds recovered from the Medley Litigation shall be paid first to priority claims until paid in full and then all general unsecured creditors *pro rata* until paid in full and then to former allowed equity security holders *pro rata* according to their percentage stock ownership in the Debtor as of the Effective Date.  If the Committee does not wish to proceed as joint plaintiff in the Medley Litigation, the Medley Litigation claims will remain vested in the post-confirmation Debtor and Debtor's counsel shall remain as sole counsel. Provided that at least one Committee member remains on the Committee, the Committee shall remain in effect until the general unsecured creditors are paid in full under this Plan.

  d. Per the Los Angeles County Treasurer and Tax Collector ("LACTC") limited objection [ECF # 473], the Plan terms for the LACTC claim are changes to increase the claim amount to $277,597.88 with monthly payments of $5,783.29 for 48 months.

  4. A post-confirmation status conference is hereby set for **October 17**, 2019 at **10:00 a.m.** in Courtroom 1375, 13th Floor, U.S. Bankruptcy Court 255 E. Temple Street, Los Angeles, California 90012.  The Reorganized Debtor shall file a post-confirmation status report not later than **October 3, 2019**, containing the information set forth in Local Bankruptcy Rule 3020-1(b), unless the case is earlier concluded by issuance of a final decree.

  5. The Court will retain jurisdiction over the post confirmation estate until such estate is fully administered and a final decree is entered.

6. Upon the Effective Date, and except as expressly provided in the Plan, all transactions and other acts provided for under the Plan and the Exhibits thereto shall be deemed to be authorized and approved without further approval of the Court.

7. The 14-day stay of effectiveness of this order is waived pursuant to Federal Rule of Bankruptcy Procedure 3020(e), and this order shall become effective immediately upon entry.

**IT IS SO ORDERED.**

###

Date: June 11, 2019

Julia W. Brand
United States Bankruptcy Judge