**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Reorganized Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Point.360, a California corporation,<br><br>        Debtor. | Case No.: 2:17-bk-22432 WB<br>Chapter 11<br><br>**REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS AS PREVAILING PARTY RE PLAN CONFIRMATION**<br><br><br>Date:      August 1, 2019<br>Time:     10:00 a.m.<br>Place:    Courtroom 1375; Judge Brand<br>             U.S. Bankruptcy Court<br>             255 E. Temple Street, 13th Floor<br>             Los Angeles, CA 90012 |

        Point.360, a California corporation and reorganized debtor ("Debtor"), herein replies to the opposition [ECF # 751] filed by Medley Capital Corporation and Medley Opportunity Fund II LP (collectively "Medley") to Debtor's motion for an award of attorney's fees and costs as the prevailing party against Medley on the contested matter related to confirmation of the Debtor's Second Amended Chapter 11 Plan as modified December 10, 2018 [ECF # 438] ("Plan") as confirmed by the June 11, 2019 entry of the Court's Order Confirming Debtor's Second Amended Chapter 11 Plan as Modified [ECF # 713] ("Confirmation Order").

        For all these reasons, Debtor requests that the Court grant the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## **INTRODUCTION**

Debtor moves for an award of $524,522 in fees and $15,350 in costs pursuant to FRBP 7054(b) as the prevailing party defeating Medley's objections to Plan confirmation. Medley opposes, ignoring the record, and claiming that its objections to confirmation were "not an action on a contract." Worse, Medley hypocritically argues that Debtor's fee and cost request totaling $540,000 is "unreasonable." But the Court undoubtedly recalls that ***Medley demanded $2,243,555.71 in fees and costs under the identical attorney fee clause giving rise to the reciprocal right to fees and costs requested herein.*** *See* ECF # 611 at 36. Debtor's fee and cost request is a fraction of the Medley demand and the Court has already approved such fees and costs as reasonable in a final fee application order.

Medley also falsely claims that the Debtor's fee request in connection with adversary proceeding number 2:18-ap-0145 WB was "already denied." This argument is simply dishonest. The Court denied Debtor's fee request in connection with adversary proceeding number 2:18-ap-0145 WB because the request was premature based on the connection between the adversary proceeding for declaratory relief and the Debtor's Plan. *See* Exhibit 1 hereto. With the Plan now confirmed, the request for fees related to the adversary proceeding has ripened for approval.

Finally, Medley argues that any fee award in favor of the Debtor should be "setoff" against a contingent and unliquidated alleged claim for a super-priority administrative expense in favor of Medley. However, Medley fails to establish that it can "setoff" a contingent claim for a super-priority administrative expense that has not been established against the Debtor's liquidated claim for fees that will exist upon the Court granting Debtor's motion. *See* In re Corporate Resource Services, Inc., 564 B.R. 196, 200-201 (Bankr. S.D. N.Y. 2017) (contingent claims not eligible for setoff); Erlich v. Superior Court, 63 Cal.2d 551, 556 (Cal. 1965) (setoff subject to court discretion to deter delay and harassment by frivolous claimant). Medley fails to establish a right to setoff that can preclude granting the motion.

For all these reasons, the motion should be granted.

## II.

## MEDLEY CONSISTENTLY OPPOSED DISCLOSURE STATEMENT

## APPROVAL AND PLAN CONFIRMATION BASED ON

## INCURABLE DEFAULTS UNDER ITS  LOAN AGREEMENT

Medley's primary opposition to Debtor's motion is that its objections to confirmation were not "an action on a contract."  Notably, Medley's brief contains no evidence to prove its position. In order to assess the basis for Medley's Plan objections, the Debtor offers Medley's briefing in opposition to approval of Debtor's original and amended disclosure statements and briefing in opposition to Plan confirmation.  These briefs, omitting voluminous exhibits thereto, are attached to the concurrently filed Reply Request for Judicial Notice ("RRFJN").  The following paragraphs identify where each such brief asserts enforcement of Loan Agreement terms as an incurable breach in opposition to disclosure statement approval and plan confirmation:

1.   *ECF # 256: Medley objection to approval of disclosure statement at 5-6:*

12. Accordingly, as of the Petition Date, the Debtor was in default and indebted to Medley in respect of Obligations in an aggregate principal amount of $6,000,000.00, together with an additional $477,656.00 in accrued and unpaid interest as of the Petition Date, plus an unliquidated amount for accrued and accruing interest, fees and expenses (including legal fees and expenses) and other Obligations, including, without limitation, indemnification obligations.12

2. *ECF # 378: Medley objections to approval of first amended disclosure statement at 6:*

13. The Debtor has never provided written notice of election for PIK Interest. See Supp. Burton Decl. ¶ 4. Nevertheless, the Debtor failed to pay interest on the Term Loans from and after June 30, 2016. in violation of the express terms of the Term Loan Agreement. See id. Accordingly, as of the Petition Date, the Debtor was in default and indebted to Medley in respect of Obligations (as defined in the UCC Sale Agreement) in an aggregate principal amount of $6,000,000.00, together with an additional $572,764.28 in accrued and unpaid interest, plus an unliquidated amount for accrued and accruing interest, fees and expenses (including legal fees and expenses) and other Obligations, including, without limitation, indemnification obligations,14 all of which is due and payable in cash See id.

3. *ECF # 611: Medley Plan confirmation objections at 36:*

Prior to the Petition Date, the Debtor elected to PIK Interest for the months of March 2017 through August 2017. See Burton Decl. at 4:1-5. However, the Debtor has not paid interest or elected to PIK Interest for other prepetition months and, since the Petition Date, the Debtor has not paid interest on the Term Loans or

1  elected to PIK Interest. See id. at 4:1-10. The Debtor is in default under the Term
2  Loan Agreement and, assuming a Debtor Plan Effective Date of June 30, 2019,
   must cure (a) $128,897.67 in prepetition interest 22 and (b) $1,288,100.19 in
3  postpetition interest. See id. at 4:16-18. In addition, Section 21 of the Term Loan
4  Agreement provides that Medley is entitled to fees and expenses (including legal
   fees and expenses) in connection with (i) defending or enforcing the Loan
5  Documents (as defined in the Term Loan Agreement) in any litigation, bankruptcy
   or insolvency proceedings or otherwise and (ii) any litigation or governmental
6  proceeding relating to the Debtor or the transactions under the Term Loan
7  Agreement. In connection with the Debtor's bankruptcy case, Medley has spent not
   less than $2,243,555.71 seeking to protect, defend and enforce the Term Loan
8  Agreement. See id. at 4:11-15. Accordingly, the Debtor must pay Medley no less
   than $3,660,553.5723 on the Debtor Plan Effective. *See In re New Invs., Inc.*, 840
9  F.3d at 1141-42 (in order to effectuate a cure, in addition to paying past due
   amounts, the borrower must pay charges, legal fees, and costs).

10     Debtor defeated all of the foregoing attempts by Medley to enforce the terms of its Loan

11  Agreement in opposition to Plan confirmation.  Under Penrod v. AmeriCredit Financial Services,

12  802 F.3d 1084 (9th Cir. 2015), Debtor obtained a ruling that precluded Medley from enforcing the

13  terms of its contract.  As such, Debtor is the prevailing party in an action upon a contract and is

14  entitled to fees and costs as requested.

15     For all these reasons, the motion should be granted.

16                                                     **III.**

17  **DEBTOR DEFEATED MEDLEY'S OPPOSITION ARGUMENTS WHICH**

18  **SOUGHT TO ENFORCE THE TERMS OF ITS LOAN AGREEMENT**

19     As the foregoing briefing confirms, Medley repeatedly sought to enforce the terms of its

20  Loan Agreement to preclude Plan confirmation.  Medley's opposition argues, "[t]he confirmation

21  hearing did not involve a challenge or request for relief regarding the enforceability of validity of

22  Medley's loan documents, claim or lien."  Opposition 2:11-13.  Medley's argument fails under the

23  record of this case.

24     The Debtor relies upon the Ninth Circuit's decision in Penrod v. AmeriCredit Financial

25  Services, 802 F.3d 1084 (9th Cir. 2015) ("Penrod") for its entitlement to fees related to Plan

26  confirmation because Debtor defeated Medley's attempt to enforce its contract as a means to

27  oppose Plan confirmation.  Medley's argument in opposition relies upon Bos v. Board of Trustees,

28

818 F.3d 486 (9th Cir. 2016) ("Bos").  Medley's attempt to shoehorn this case into the Bos

precedent fails.  The Bos court explained why Penrod was distinguishable and explains why

Debtor's motion must be granted based on the positions Medley asserted in opposition to Plan

confirmation:

> Bos's principal counterargument relies on our recent decision in *Penrod*, 802 F.3d
> 1084. There, Penrod incurred her attorney's fees in an action that sought "to
> enforce, or avoid enforcement of, the provisions of the contract" between herself
> and one of her creditors. Id. at 1088. Specifically, the action underlying Penrod's
> motion for fees had asked "***whether [a] provision of the contract should be
> enforced according to its terms, or whether its enforceability was limited by
> bankruptcy law to exclude [a particular] portion of the loan. By prevailing in that
> litigation, Penrod obtained a ruling that precluded [her creditor] from fully
> enforcing the terms of the contract.***" Id. (internal citations omitted). Penrod's
> action, in other words, required "the bankruptcy court ... to determine the
> enforceability of the... agreement," and so it was comfortably an action "on a
> contract" within section 1717's previously recognized reach. *Baroff*, 105 F.3d at
> 442. In Bos's case, by contrast, the relevant action did not raise any question about
> the enforceability of the Trust Agreements or the Note. Such action was therefore
> not "on a contract," and the attorney's fees Bos incurred are not recoverable under
> section 1717.

Bos, 818 F.3d at 490-491 (emphasis added).

The emphasized quotation from Bos above defines the application of Penrod and confirms

that Debtor's request for fees for defeating Medley's confirmation objections fits squarely into the

Penrod analysis.  The issue herein is precisely the same: the action underlying Debtor's motion for

fees [litigating Medley's contract based objections] asked, "***whether [a] provision of the contract

should be enforced according to its terms, or whether its enforceability was limited by

bankruptcy law to exclude [a particular] portion of the loan.***"  Thus, Penrod applies.

Medley attempts to distinguish Penrod as follows, "[h]ere, the competing plan

confirmation hearing was collateral to the underlying contracts; the Court did not assess the

validity or the enforceability of the underlying contracts; the Court determined the feasibility of

the Debtor Plan under section 1129 of the Bankruptcy Code and the requirements for

reinstatement under section 1124(2) of the Bankruptcy Code."  Opposition at 6:18-22.  But that

argument misses the very holding of Penrod.  Medley sought to enforce its Loan Agreement

according to its terms to preclude Plan confirmation and that enforcement request was limited by

1    the Bankruptcy Code and defeated when Debtor confirmed its Plan.  The fact that the Bankruptcy

2    Code trumped enforcement of the Loan Agreement results in Debtor's entitlement to prevailing

3    party fee and costs under Penrod.

4           Penrod, Bos and California authorities defining when an "action is on the contract" were

5    comprehensively reviewed in In re Relativity Fashion, LLC, 565 B.R. 50 (Bankr. S.D. N.Y. 2017).

6    Relativity Fashion involved a post-confirmation dispute among Netflix and the debtor arising from

7    the debtor's demands for Date Extension Agreements that Netflix refused to execute.  The Debtor

8    prevailed in litigation under § 1142 and was awarded over $818,000 in fees and costs.

9    Importantly to the arguments herein, Netflix argued that the debtor's post-confirmation motion

10   under § 1142 "was an effort to enforce the confirmed plan of reorganization and was not an action

11   'on a contract,' and that Netflix has no obligation to pay its opponents' fees and expenses." Id., at

12   54.  The court rejected Netflix's claim that the action was not on a contract relying on Penrod

13   because while the motion sought relief under § 1142, Netflix's challenge was based on its contract

14   rights.  That is precisely the same as Medley's attempt to defeat Plan confirmation by claiming

15   incurable defaults under its Loan Agreement.

16          In granting fees under § 1717, the court held:

17                  The question of whether an action is "on a contract" is liberally construed
18          by the California courts. So long as a dispute "involves" a contract, or "arises out
            of, is based upon, or relates to an agreement by seeking to define or interpret its
19          terms or to determine or enforce a party's rights or duties under the agreement," the
            dispute is an action "on a contract" for purposes of section 1717.
20                  In addition, under section 1717 a party "prevails" on a contract claim if the
21          party successfully resists an assertion of contract rights, even if the party does so by
            arguing "the inapplicability, invalidity, unenforceability, or nonexistence of the
22          same contract." In other words, a party does not even have to acknowledge that a
            contract exists in order to be a prevailing party in an action "on a contract."
23          Prevailing in a dispute over the claimed application of a contract, where such
            contract contains a fee provision, is sufficient. This is because the party who
24          unsuccessfully asserted contract rights would have been entitled to fees if it had
            prevailed in establishing such rights, and under section 1717 that right must be
25          mutual.

26   In re Relativity Fashion, LLC, 565 B.R. 50, 57 (Bankr. S.D. N.Y. 2017) (citations omitted).

27

28

1  The last sentence quoted above is worthy of repetition: "This is because the party who

2  unsuccessfully asserted contract rights would have been entitled to fees if it had prevailed in

3  establishing such rights, and under section 1717 that right must be mutual." Id.  There is no

4  dispute that Medley stated it was entitled to $2.3 million in attorney's fees and costs, as well as

5  prepetition and post-petition interest, under the Loan Agreement and asserted those claims to

6  preclude Plan confirmation.  Medley sought to enforce its contract and its arguments were

7  defeated triggering Debtor's reciprocal right to fees and costs under Civil Code § 1717(a) and

8  Penrod.

9  For all these reasons, the motion should be granted.

10  **IV.**

11  **THE FEES AND COSTS SOUGHT ARE REASONABLE**

12  **AND NO APPORTIONMENT IS NECESSARY**

13  Debtor's motion contains all information and evidence necessary to support an award of

14  fees and costs and Medley offers nothing other than argument in response.  Under California law,

15  courts use the "lodestar" method to determine the reasonableness of fees. Gorman v. Tassajara

16  Development Corp., 178 Cal.App.4th  44, 63-64 (Cal. Ct. App. 2009).  The lodestar method

17  evaluates the reasonableness of an attorney fee by considering "the number of hours reasonably

18  expended on the litigation multiplied by a reasonable hourly rate."  The reasonableness of an

19  hourly rate is established through comparison with prevailing rates in the legal community "for

20  similar services by lawyers of reasonably comparable skill, experience, and reputation." Ingram v.

21  Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).

22  Here, both Debtor's counsel and GlassRatner have filed final fee applications seeking

23  allowance of the fees and expenses sought against Medley.  Medley did not oppose allowance of

24  these applications and a final fee application order was entered on July 18, 2019 allowing both

25  applications in full.  See ECF # 749 attached hereto as Exhibit 2.  The final fee application order

26  specifically finds that, "all fees requested are reasonable compensation for 'actual, necessary

27  services rendered' under 11 U.S.C. § 330(a)(1)."  See Exhibit 2 at ¶ 9(c).  Thus, issues related to

28

1  the reasonableness and necessity of the time expended and hourly rates have already been

2  determined by the Court.

3      Medley also contends that some vague notion of apportionment of fees is necessary

4  because Debtor addressed objections raised by the Los Angeles County Tax Collector

5  ("LACTC"), Harbor Center Partners, L.P. ("HCP") and Visual Data Media Services, Inc.

6  ("VDMS") as well as the competing joint plan filed by Medley and VDMS.  In regard to

7  objections by LACTC and HCP, these objections were nominal and did not even require briefing.

8  The VDMS objection was filed jointly with Medley.  *See* ECF # 611, RRFJN Exhibit 3.  As far as

9  time related to addressing the Medley/VDMS joint plan, time spent on the joint plan is

10  inseparable from the time spent confirming Debtor's Plan and Medley offers no argument or

11  evidence regarding any amount that could be separated.  All briefing, discovery and hearings

12  occurred simultaneously relating to the two proceedings.  Ultimately, the confirmability of

13  Debtor's Plan resulted in the defeat of the Medley/VDMS joint plan.

14      The California Supreme Court held that attorneys' fees need not be apportioned when

15  incurred in the litigation of an issue that is common to both a contractual cause of action and

16  another cause of action.  *See* Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 129-30 (Cal.

17  1979).  Further, apportionment is not required when claims are so intertwined that it would be

18  impracticable, if not impossible, to separate the attorneys' time into compensable and

19  noncompensable units.  *See* Hjelm v. Prometheus Real Estate Group, Inc., 3 Cal.App.5th 1155,

20  1178 (Cal. Ct. App. 2016).  Since the contract issues raised by Medley to defeat Debtor's Plan

21  were litigated concurrently with the Medley/VDMS joint plan, there is no "apportionment" that is

22  required or that would be practicable.

23      For these reasons, the fees and costs requested meet the loadstar test for reasonableness

24  and should be ordered against Medley.

25  ///

26  ///

27  ///

28  ///

**V.**

**<u>CONCLUSION</u>**

*Wherefore*, Debtor requests an award of $524,522 in fees and $15,350 in costs against Medley Capital Corporation and Medley Opportunity Fund II LP and such other and further relief as the Court deems just and proper under the circumstances.

Dated:  July 25, 2019

**Lewis R. Landau**
**Attorney at Law**


By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for the Debtor

# EXHIBIT 1

**010**

1                          UNITED STATES BANKRUPTCY COURT

2                          CENTRAL DISTRICT OF CALIFORNIA

3                                      -oOo-

4     In Re:                          ) Case No. 2:17-bk-22432-JB
                                      ) Chapter 11
5     POINT.360, A CALIFORNIA         )
      CORPORATION                     ) Los Angeles, California
6                                     ) Tuesday, May 14, 2019
                          Debtor.     ) 2:00 PM
7     _____  )
                                        ADV#: 2:18-ap-01435-JB
8                                       POINT.360, A CALIFORNIA
                                        CORPORATION v. MEDLEY CAPITAL
9                                       CORPORATION, ET AL.

10                                      #2.00   MOTION FOR AWARD OF
                                        PREVAILING PARTY ATTORNEYS'
11                                      FEES AND COSTS

12
                             TRANSCRIPT OF PROCEEDINGS
13                    BEFORE THE HONORABLE JULIA A. BRAND
                        UNITED STATES BANKRUPTCY JUDGE
14

15    APPEARANCES:
      For the Debtor:                 LEWIS R. LANDAU, ESQ.
16                                    (Telephonically)
                                      Law Office of Lewis Landau
17                                    22287 Mulholland Highway
                                      Suite 318
18                                    Calabasas, CA 91302
                                      (888)822-4340
19
      For Official Committee of       DAREN R. BRINKMAN, ESQ.
20    Unsecured Creditors:            (Telephonically)
                                      Brinkman Portillo Ronk, PC
21                                    4333 Park Terrace Drive
                                      Suite 205
22                                    Westlake Village, CA 91361
                                      (818)597-2992
23

24

25

```
1    For Medley Capital            CAREY D. SCHREIBER, ESQ.
     Corporation, et al.:         (Telephonically)
2                                 ROLF S. WOOLNER, ESQ.
                                  (Telephonically)
3                                 Winston & Strawn, LLP
                                  200 Park Avenue
4                                 New York, NY 10166
                                  (212)294-6700
5

6

7

8

9

10

11

12

13

14

15

16
     Court Recorder:             M. EVANGELISTA
17                               United States Bankruptcy
                                 Court
18                               Edward R. Roybal Federal Building
                                 255 East Temple Street
19                               Room 940
                                 Los Angeles, CA 90012
20                               (855)460-9641

21   Transcriber:                ELLEN S. KOLMAN
                                 eScribers, LLC
22                               7227 N. 16th Street
                                 Suite #207
23                               Phoenix, AZ 85020
                                 (973)406-2250
24
     Proceedings recorded by electronic sound recording;
25   transcript provided by transcription service.
```

Point.360, A California Corporation

1          <u>LOS ANGELES, CALIFORNIA, TUESDAY, MAY 14, 2019, 2:03 PM</u>

2                                     -oOo-

3          (Call to order of the Court.)

4              THE COURT:  All right.  Number 2, Point.360, I think

5      I'll take roll.

6              Mr. Landau, are you on the phone?

7              MR. LANDAU:  I am, Your Honor.  Good afternoon.  Lewis

8      Landau for the debtor.

9              THE COURT:  All right.  Mr. Brinkman?

10             MR. BRINKMAN:  Yes, Your Honor.  Daren Brinkman on

11     behalf of the official unsecured creditors' committee.

12             THE COURT:  All right.  Thank you.  Mr. Schreiber?

13             MR. SCHREIBER:  Yes, good afternoon, Your Honor.  For

14     the record, Carey Schreiber from Winston & Strawn on behalf of

15     Medley.

16             THE COURT:  Thank you.  And I also have that Mr.

17     Woolner is there as well.  Is that right?  Maybe he's just

18     listening.

19             MR. WOOLNER:  That's correct, Your Honor.

20             THE COURT:  All right.  Okay.

21             All right.  So we have the debtor's motion for award

22     of attorneys' fees.  So I guess I'll tell you first my thoughts

23     are after reading the papers, I tend to agree with Mr.

24     Schreiber that this was not simply an adversary proceeding and

25     an abstract, this was a step in the process towards

Point.360, A California Corporation

1    confirmation, and it was set up as part of the confirmation

2    process.  And I'm not sure, really, that the debtor is the

3    prevailing party here.  They won that issue, but it was -- that

4    was a gatekeeper issue for confirmation because the debtor's

5    plan would fail if that legal issue was not resolved in the

6    debtor's favor.

7            So I think that this motion is premature.  And in

8    addition, I don't see how attorneys' fees can be awarded for

9    the creditors' committee's counsel under any circumstances in

10   connection with adversary proceeding.  I don't think a joinder

11   and a motion that's really between the debtor and Medley is

12   something that Medley should have to pay for when it's a

13   joinder.  I don't think that it really added anything new.

14           And in terms of the attorneys' fees for the creditors'

15   committee generally, and all professionals, those fees have

16   been allowed on an interim basis.  There were no objections.

17   And, of course, they're all going to be subject to review at

18   the end of the case at the time of the final fee application.

19   I intend to review everyone's fees once we find out where we're

20   going in this case.

21           Of course, I say once we find out where we're going;

22   of course, I understand that I don't look at fee applications

23   in hindsight.  I look at them in terms of what was the

24   reasonable and appropriate thing to do at the time, because you

25   can't judge this in hindsight.  But I think I will review

Point.360, A California Corporation

1    everything once we get to the end of the day.  And so just

2    because something was allowed on an interim basis, we may be

3    addressing that further at the final fee application.

4            So those are my thoughts.  Mr. Landau, would you care

5    to comment?

6            MR. LANDAU:  Your Honor, I don't want to burden your

7    valuable time if --

8            THE COURT:  Could you speak louder, Mr. Landau?  I

9    can't really hear you.

10           MR. LANDAU:  Yeah.  I apologize.  I'm hearing feedback

11   as well.

12           Your Honor, I don't want to burden your valuable time

13   if the answer here is that the issue is preserved and we can

14   take it up in the grand scheme of the case once the plan is

15   confirmed or one of the plans is confirmed and this issue is

16   fully ripened.

17           Of course, I had to bring the motion when I did

18   because it's a specific rule that deals with fourteen days from

19   entry of judgment to file fee motions, and so I did.

20           But if the answer is this is a step in a larger -- or

21   a piece in a larger puzzle, and that the issue is preserved

22   until the matter is fully ripened, I can live with that, and

23   would submit to that ruling.

24           THE COURT:  All right.  Mr. Schreiber?

25           MR. SCHREIBER:  Good afternoon, Your Honor.  I'm not

Point.360, A California Corporation

1    sure what the implication is of reserving subject to further

2    review.  I'd just ask respectfully that the motion be denied,

3    and counsel is free to raise whatever issues he wants at a

4    later date if he believes he has entitlement to relief.

5         THE COURT:  That's my view as well.  I'm going to deny

6    it without prejudice.  You can bring whatever motion you want

7    at a later date, Mr. Landau.  The basis of my ruling is that

8    it's not really ripe in the sense that I don't feel like this

9    is the end result, this adversary proceeding.  It was just a

10   step in the process towards confirmation, and it could easily

11   have been done by a motion for confirmation as a contested

12   matter.

13        So that will be my ruling.  You can bring a motion

14   later if you want to, that's up to you.  We'll see how things

15   go.

16        MR. LANDAU:  Okay.  I understand.  Thank you for your

17   time, Your Honor.

18        THE COURT:  All right.  Thank you very much, all of

19   you.

20        MR. SCHREIBER:  Your Honor, I guess -- this is Carey

21   Schreiber again for the record.  I guess I'll propose a -- I'll

22   submit an order.

23        THE COURT:  Oh, that would be excellent.  Thank you

24   very much, Mr. Schreiber.

25        MR. SCHREIBER:  Sure.  Thank you, Your Honor.  Have a

Point.360, A California Corporation

1    great day.

2              THE COURT:   Thank you.

3              MR. SCHREIBER:   Bye-bye.

4         (Whereupon these proceedings were concluded at 2:08 PM)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                              I N D E X

2    RULINGS:                                    PAGE  LINE

3    Motion for attorney's fees and costs denied     6      6

4    without prejudice

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        C E R T I F I C A T I O N

2

3    I, Ellen S. Kolman, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6    *Ellen S. Kolman*

7

8    _____

9    /s/ ELLEN S. KOLMAN, CET-568

10

11   eScribers

12   7227 N. 16th Street, Suite #207

13   Phoenix, AZ 85020

14

15   Date:  July 22, 2019

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 2

**020**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lewis R. Landau (CA Bar No. 143391)<br>Attorney-at-Law<br>22287 Mulholland Hwy., # 318<br>Calabasas, California 91302<br>Voice & Fax: (888) 822-4340<br>Email: Lew@Landaunet.com<br><br><br>☒ *Attorney for*: Debtor in Possession | **FILED & ENTERED**<br><br>**JUL 18 2019**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY egarcia    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Point.360, a California corporation,<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-22432 WB<br>CHAPTER: 11 |
|---|---|
| | ***OMNIBUS* ORDER ON APPLICATION**<br>**FOR PAYMENT OF:**<br>☐ **INTERIM FEES AND/OR EXPENSES**<br>  **(11 U.S.C. § 331)**<br>☒ **FINAL FEES AND/OR EXPENSES**<br>  **(11 U.S.C. § 330)** |
| | DATE: 7/11/19<br>TIME: 10:00 am<br>COURTROOM: 1375; Judge Brand<br>PLACE: US Bankruptcy Court<br>255 E. Temple Street, 13th Floor<br>Los Angeles, CA 90012 |

1.    Name of Applicants (*specify*):
Lewis R. Landau, Attorney at Law [ECF # 728] ("Landau");
Daniel P. Hogan, Attorney at Law [ECF # 730] ("Hogan");
GlassRatner Advisory & Capital Group LLP [ECF # 738] ("GlassRatner"); and
TroyGould, PC [ECF # 731] ("TroyGould").

2.    This proceeding was heard at the date and place set forth above and was    ☐ Contested    ☒ Uncontested

3.    Appearances were made as follows:
  a.  ☒  Applicant present in court
  b.  ☐  Attorney for Applicant present in court (name):
  c.  ☐  Attorney for United States trustee present in court
  d.  ☒  Other persons present as reflected in the court record

4.    Applicant gave the required notice of the Applications on (*specify date*): 6/20/19

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                                    Page 1                    F 2016-1.3.ORDER.PAYMENT.FEES

5.  The court orders as follows on the **Landau** application:

a.  ☒  Application for Payment of Final Fees is approved in the amount of: $ <u>142,609.50</u>

b.  ☒  Application for Reimbursement of Final Expenses is approved and authorized for payment:

☒  Total amount allowed: $ <u>6,919.25</u>

6.  The court orders as follows on the **Hogan** application:

a.  ☒  Application for Payment of Final Fees is approved in the amount of: $ <u>1,470</u>

7.  The court orders as follows on the **GlassRatner** application:

a.  ☒  Application for Payment of Final Fees is approved in the amount of: $ <u>190,549.50</u>

b.  ☒  Application for Reimbursement of Final Expenses is approved and authorized for payment:

☒  Total amount allowed: $ <u>1,080.34</u>

8.  The court orders as follows on the **TroyGould** application:

a.  ☒  Application for Reimbursement of Final Expenses is approved and authorized for payment:

☒  Total amount allowed: $ <u>33.09</u>

9.  ☒  The court further orders *(specify)*:

a.   The deferred amount of $5,643 from the order on Landau's first interim fee application [ECF # 157] is allowed and authorized for payment.

b.  All prior interim fee awards to Landau, Hogan, GlassRatner and TroyGould are hereby allowed on a final basis and authorized for payment.

c.  The Court finds that all fees requested are reasonable compensation for "actual, necessary services rendered" under 11 U.S.C. § 330(a)(1).

###

Date: July 18, 2019

Julia W. Brand
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                      Page 2                          **F 2016-1.3.ORDER.PAYMENT.FEES**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): _____
REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS AS PREVAILING PARTY RE
PLAN CONFIRMATION
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/25/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  07/25/2019_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Brand, US Bankruptcy Court, 255 E Temple Street, Suite 1382, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/25/2019 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**Ponit.360 NEF Service List:**

David E Ahdoot on behalf of Creditor AFTRA Retirement Fund dahdoot@bushgottlieb.com, kireland@bushgottlieb.com

David E Ahdoot on behalf of Creditor SAG-AFTRA dahdoot@bushgottlieb.com, kireland@bushgottlieb.com

David E Ahdoot on behalf of Creditor SAG-AFTRA Health Fund dahdoot@bushgottlieb.com, kireland@bushgottlieb.com

James C Bastian, Jr on behalf of Creditor HWAY LLC jbastian@shbllp.com

Ron Bender on behalf of Interested Party Courtesy NEF rb@lnbyb.com

Ron Bender on behalf of Interested Party Visual Data Media Services, Inc. rb@lnbyb.com

Daren Brinkman on behalf of Creditor Committee Official Committee Unsecured Creditors office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

William S Brody on behalf of Creditor Austin Financial Services, Inc. wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com

Sara Chenetz on behalf of Interested Party Sara L. Chenetz schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com

Peter A Davidson on behalf of Interested Party Courtesy NEF pdavidson@ecjlaw.com, amatsuoka@ecjlaw.com

W. Jeffery Fulton on behalf of Creditor US Bank National Association jeff@jefffultonlaw.com, Yvonne@jefffultonlaw.com

Jeffrey F Gersh on behalf of Interested Party Visual Data Media Services, Inc. jgersh@gershlegal.com,
hnapier@gershlegal.com;jsedivy@gershlegal.com;hcory@stubbsalderton.com;jgersh@stubbsalderton.com;jsedivy@stubbsalderton.com

Asa S Hami on behalf of Interested Party Visual Data Media Services, Inc. ahami@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.iforuptcy.com

Brian T Harvey on behalf of Creditor Austin Financial Services, Inc. bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

Daniel P Hogan on behalf of Debtor Point.360, a California Corporation dhogan@mccabehogan.com, dhogan460@gmail.com

Garrick A Hollander on behalf of Interested Party Modern VideoFilm, Inc. ghollander@wcghlaw.com,
pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com

William W Huckins on behalf of Creditor REEP-OFC 2300 Empire CA LLC whuckins@allenmatkins.com, clynch@allenmatkins.com

Robert A Julian on behalf of Defendant Deloitte Corporate Finance, LLC rjulian@winston.com, hhammon@winston.com

Lance N Jurich on behalf of Defendant Deloitte Corporate Finance, LLC ljurich@loeb.com
karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Defendant Deloitte Transactions and Business Analytics, LLP ljurich@loeb.com,
karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Defendant Medley Capital Corporation jurich@loeb.com, karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Defendant Medley Opportunity Fund II LP jurich@oeb.com,
karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Plaintiff Point.360, a California Corporation ljurichloeb.com,
karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com David S Kupetz on behalf of Interested Party Visual Data Media Services, Inc.
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Lewis R Landau on behalf of Debtor Point.360, a California Corporation Lew@Landaunet.com

Melissa Davis Lowe on behalf of Creditor HWAY LLC mlowe@shbllp.com, sswartzell@shbllp.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA) alvin.mar@usdoj.gov

David W. Meadows on behalf of Interested Party Courtesy NEF david@davidwmeadowslaw.com

Elissa Miller on behalf of Interested Party Courtesy NEF emiller@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;emillersk@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

Elissa Miller on behalf of Interested Party Visual Data Media Services, Inc. emiller@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;emillersk@ecf.inforuptcy.com;dwalker@slmeyerlaw.com

Shane J Moses on behalf of Interested Party Courtesy NEF sjm@moseslaw.co

Austin P Nagel on behalf of Creditor Toyota Motor Credit Corporation, servicing agent for Toyota Lease Trust melissa@apnagellaw.com

Sean A OKeefe on behalf of Creditor HARBOR CENTER PARTNERS, L.P. sokeefe@okeefelc.com, seanaokeefe@msn.com

Juliet Y Oh on behalf of Interested Party Moshe Barkat jyo@lnbrb.com, jyo@lnbrb.com

Aleksandra Page on behalf of Creditor BB&T apage@ecf.inforuptcy.com Sayuj Panicker on behalf of Creditor Los Angeles County Treasurer and Tax Collector spanicker@counsel.lacounty.gov

Sayuj Panicker on behalf of Interested Party Courtesy NEF spanicker@counsel.lacounty.gov

Laura J Portillo on behalf of Creditor Committee Official Committee Unsecured Creditors office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Laura J Portillo on behalf of Creditor Committee Official Committee of Unsecured Creditors of Point.360, A California Corporation
office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Justin E Rawlins on behalf of Creditor Medley Capital Corporation jrawlins@winston.com, docketla@winston.com;justin-rawlins-0284@ecf.pacerpro.com
vr@rendalawoffices.com, ld@rendalawoffices.com

Michael B Reynolds on behalf of Creditor California Physicians' Service, dba Blue Shield of California mreynolds@swlaw.com, kcollins@swlaw.com

Jason E Rios on behalf of Interested Party CVF Capital Partners, Inc., Central Valley Fund III (SIBC), LP and Central Valley Fund II, LP
jrios@ffwplaw.com, scisneros@ffwplaw.com

Kevin C Ronk on behalf of Creditor Committee Official Committee Unsecured Creditors Kevin@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Andrea C Rosati on behalf of Creditor LEAFS LP andrea@fsgjlaw.com, linh@fsgjlaw.com

Lisa Seabron on behalf of Creditor WRI West Gate South, L.P. lseabron@weingarten.com

Ronald A Spinner on behalf of Creditor Softitler dba Deluxe Localization Sfera spinner@millercanfield.com

Andrew Still on behalf of Creditor California Physicians' Service, dba Blue Shield of California astill@swlaw.com, kcollins@swlaw.com

Arvin Tseng on behalf of Creditor TROY / GOULD PC atseng@troygould.com, kjm@troygould.com;reh@troygould.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Christopher B Wick on behalf of Creditor Crown Communication Inc. cwick@hahnlaw.com, lmay@hahnlaw.com

Latonia Williams on behalf of Creditor UnitedHealthcare Insurance Company lwilliams@goodwin.com, bankruptcy@goodwin.com

Rolf S Woolner on behalf of Creditor Medley Capital Corporation rwoolner@winston.com, DocketSF@winston.com;pacercourtfile@winston.com;rolf-
woolner-7959@ecf.pacerpro.com

Rolf S Woolner on behalf of Creditor Medley Opportunity Fund II LP rwoolner@winston.com, DocketSF@winston.com;pacercourtfile@winston.com;rolf-
woolner-7959@ecf.pacerpro.com

Gabe P Wright on behalf of Creditor Crown Communication Inc. GWRIGHT@hahnlaw.COM, mkanamori@hahnlaw.com

Claire K Wu on behalf of Interested Party Visual Data Media Services, Inc. ckwu@sulmeyerlaw.com,
mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com