**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888)822-4340
*Email: lew@landaunet.com*

Attorney for Reorganized Debtor, Plaintiff

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Point.360, a California corporation,<br><br>Debtor.<br><br>Point.360, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Office of the United States Trustee,<br><br>Defendant. | Case No.: 2:17-bk-22432-WB<br>Adv. No.: To be assigned<br><br>Chapter 11<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND RECOVERY OF OVERPAID UST FEES**<br><br><br>Date:   To Be Set<br>Time:  To Be Set<br>Place:  Courtroom 1375; Judge Brand<br>           US Bankruptcy Court<br>           255 E. Temple Street, 13th Floor<br>           Los Angeles, CA 90012 |

Plaintiff, Point.360, reorganized debtor in the above-captioned bankruptcy case and as plaintiff in the above-captioned adversary proceeding ("Debtor" or "Plaintiff") hereby complains against the Office of the United States Trustee ("UST" or "Defendant"), as follows:

///

///

///

///

-1-

**STATEMENT OF JURISDICTION, PARTIES AND PROCEDINGS**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Debtor consents to entry of a final judgment by the Bankruptcy Court.

3. This is an adversary proceeding under Federal Rules of Bankruptcy Procedure 2020 and 7001(1), (2) and (9).

**PARTIES**

4. Plaintiff, Point.360, is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2701 Media Center Drive, Los Angeles, California. At all relevant times, Point.360 has been engaged in integrated media management services, including archival, closed captioning and subtitling, editing, encoding and transcoding, mastering, restoration, scanning, vaulting and worldwide physical and digital distribution of television programming, feature films and movie trailers.

5. On October 10, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On June 11, 2019 the Court entered its Order Confirming Debtor's Second Amended Chapter 11 Plan as Modified [ECF # 713].

6. The UST has moved to dismiss or convert the Debtor's case [ECF # 762] ("UST Motion") on the grounds that the Debtor has failed to pay $86,658.43 in UST quarterly fees due for the second quarter 2019.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief)**

7. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 6 as though set forth in full.

8. On October 26, 2017, Congress amended Title 28, section 1930, to provide for an increase in the quarterly fees payable by certain chapter 11 debtors when the UST System Fund

balance is less than $ 200 million.  28 U.S.C. § 1930(a)(6) (2018) ("2017 Amendments").  Based on the 2017 Amendments, the UST fees were increased effective first quarter 2018.

9. The Debtor alleges that the 2017 Amendments are unconstitutional, especially as applied to cases pending as of enactment such as Debtor's case filed October 10, 2017 based on the findings and conclusions in the following cases: (1) In re Buffets, LLC, 597 B.R. 588 (Bankr. W.D. Tex. 2019); (2) In re Circuit City Stores, Inc., Case No. 08-35653-KRH, 2019 WL 3202203 (Bankr. E.D. Va. July 15, 2019); and (3) In re Life Partners Holdings, Inc., Case No. 15-40289-mxm-11 (Bankr. N.D. Tex. 2019).

10. The UST alleges that the 2017 Amendments are enforceable against the Debtor as set forth in the UST Motion.

11. Based on all the foregoing, a genuine and actual dispute exists as to the constitutionality of the 2017 Amendments.  A judicial declaration of the constitutionality of the 2017 Amendments is necessary to determine the Debtor's liability for UST fees.

12. The Court should determine that the 2017 Amendments are unconstitutional as applied to the Debtor.

## SECOND CLAIM FOR RELIEF

**(Recovery of Overpaid UST Fees)**

13. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

14. Upon the determination that the 2017 Amendments are unconstitutional as applied to the Debtor, the Debtor will have substantially overpaid UST fees.

15. Debtor requests a judgment for recovery of overpaid UST Fees according to proof as of the date of judgment.

*WHEREFORE*, Plaintiff prays for judgment as follows:

1. Entry of a judgment declaring the 2017 Amendments unconstitutional and unenforceable as against the Debtor.

2. Entry of a judgment for the recovery of overpaid UST fees according to proof.

3. For attorney's fees and costs.

4. For such other and further relief as the Court deems just and proper.

Dated: October 9, 2019

**Lewis R. Landau
Attorney at Law**

By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Debtor