**Lewis R. Landau (CA Bar No. 143391)**
Attorney at Law
23564 Calabasas Road, Suite 104
Calabasas, California 91302
Voice and Fax: (888)822-4340
Email: Lew@Landaunet.com

Attorney for Reorganized Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Point.360, a California corporation,<br><br>Debtor. | Case No.: 2:17-bk-22432 WB<br><br>Chapter 11<br><br>**DEBTOR'S THIRD POST-CONFIRMATION STATUS REPORT**<br><br>Date:     April 30, 2020<br>Time:    10:00 a.m.<br>Place:    Courtroom 1375; Judge Brand<br>             US Bankruptcy Court<br>             255 E. Temple Street, 13th Floor<br>             Los Angeles, California 90012 |

Point.360, a California corporation and reorganized debtor ("Debtor") hereby files the Debtor's third post-confirmation status report pursuant to Local Bankruptcy Rule 3020-1(b)(1)-(5) and the June 11, 2019 Order Confirming Debtor's Second Amended Chapter 11 Plan as Modified [ECF # 713] ("Confirmation Order").

1. **A schedule listing for each debt and each class of claims: the total amount required to be paid under the plan; the amount required to be paid as of the date of the report; the amount actually paid as of the date of the report; and the deficiency, if any, in required payments.**

The schedule required by LBR 3020-1(b)(1) is attached hereto as Exhibit 1 and incorporated herein by reference.

///

///

**2. A schedule of any and all postconfirmation tax liabilities that have accrued or come due and a detailed explanation of payments thereon.**

Debtor is current on all post-confirmation tax liabilities. Although not specifically a "tax liability," Debtor has not paid second through fourth quarter 2019 United States Trustee ("UST") fees. Debtor has not paid post-confirmation UST fees on the grounds that the October 26, 2017 UST fee increase has been found unconstitutional, especially as applied to cases pending as of enactment. Debtor's case was filed October 10, 2017. Debtor has commenced adversary proceeding number 2:19-ap-01442-WB to adjudicate the matter and a motion for summary judgment is pending. An article summarizing the status of this issue based on litigation throughout the United States is attached hereto as Exhibit 2.

**3. Debtor's projections as to its continuing ability to comply with the terms of the plan.**

As a result of the COVID-19 outbreak and the unprecedented closure of Los Angeles County's non-essential businesses, the Debtor's revenues and receivables will be impacted. Moreover, several of the Debtor's customers have halted operations, while other customers are delaying payments in an effort to preserve cash flow. While COVID-19's impacts are substantial, it is unknown at this time whether COVID-19 will impair the Debtor's ability to comply with the terms of the plan.

**4. An estimate of the date for plan consummation and application for final decree.**

Debtor believes the plan is substantially consummated however entry of a final decree must likely await resolution of pending adversary proceedings. Debtor estimates applying for a final decree in or about July 2020.

**5. Any other pertinent information needed to explain the progress toward completion of the confirmed plan.**

In addition to timely making all distributions required under the plan, the Debtor has consummated the plan as follows:

1.  The reorganized debtor has taken over management and operation of the estate and is continuing to operate in the ordinary course of business.

2. Preconfirmation equity securities have been cancelled and Debtor's stock has been delisted.

3. Debtor has commenced the auction of surplus Modern VideoFilm, Inc. property, plant and equipment ("PPE") and the process of liquidating the PPE is ongoing as set forth in Exhibit 3.

4. Debtor is engaged in discovery in its litigation with Medley Capital Corporation and Medley Opportunity Fund II, LP (collectively "Medley") in adversary proceeding 2:19-ap-01129 WB. A pretrial conference is scheduled for May 19, 2020 but the parties have recently stipulated to continue the matter for approximately 60-days due to impacts of the COVID-19 health emergencies.

5. Debtor has appealed the Court's ruling concerning Debtor's motion for prevailing party attorney's fees against Medley. The appeal is pending in the United States District Court as case number 2:19-cv-09935-PA.

Dated: April 16, 2020                                    Respectfully submitted,

                                                         **Lewis R. Landau**
                                                         **Attorney at Law**


                                                         By:/s/ *Lewis R. Landau*
                                                         Lewis R. Landau
                                                         Attorney for Reorganized Debtor

# EXHIBIT 1

Point.360
Schedule of Claims and Payments
Updated at 4/16/2020

| Class # | | Class Description | Total Amount Required To be Paid Under Plan | Total Amount Required To be Paid at 4/16/2020 | Total Amount Paid at 4/16/2020 | Deficiency in Payments | Notes |
|---|---|---|---|---|---|---|---|
| 1 | | Austin Financial Services | 2,475,676.48 | 2,475,676.48 | 2,475,676.48 | - | |
| 2 | | Medley Capital Corporation Medley Opportunity Fund II, LP | 6,572,764.28 | - | - | - | |
| 3 | | Priority Wages, Commissions Salary Claims | 92,685.13 | 92,685.13 | 92,685.13 | - | |
| 4 | | United Health Insurance Co Employee Benefit Plan | 142,152.77 | 142,152.77 | 142,152.77 | - | |
| 5 | | SAG-AFTRA and SAG-AFTRA Health Fund | 37,466.75 | 37,466.75 | 37,466.75 | - | |
| 6 | | General Unsecured Claims | 1,699,695.01 | 275,000.00 | 275,000.00 | - | |
| 7 | | Convenience Class of Unsecured Claims | 52,467.00 | 39,368.34 | 39,368.34 | - | |
| 8 | | Wilcon Holdings, LLC; Crown Castle Fiber | 124,274.69 | 124,274.69 | 124,274.69 | - | |
| 9 | | Equity Security Holders | - | - | - | - | |
| **PROFESSIONALS** | | Lewis R. Landau | 191,505.55 | 191,505.55 | 191,505.55 | - | |
| | | Brinkman Portillo Ronk, APC | 418,260.76 | 418,260.76 | 402,858.50 | - | *Brinkman discounted final payment by $15,402.26. Professional is paid in full. |
| | | GlassRatner Advisory & Capital | 250,747.28 | 250,747.28 | 242,985.19 | - | *GR discounted final payment by $7,762.09. Professional is paid in full. |
| | | Daniel P. Hogan Attorney at Law | 1,470.00 | 1,470.00 | 1,470.00 | - | |
| | | TroyGould, P.C. | 23,985.16 | 23,985.16 | 23,985.16 | - | |
| | | Clerk's Office Fees & Miscellaneous | - | - | - | - | |
| | | Office of the U.S. Trustee Fees | TBD | 223,315.25 | - | 223,315.25 | *Includes Late Fees assessed by U.S. Trustee |
| **PRIORITY TAX** | | Los Angeles County | 148,219.54 | 47,894.00 | 47,894.00 | - | |
| | | IRS | 1,000.00 | 1,000.00 | 1,000.00 | - | |
| | | FTB | 800.00 | 800.00 | 800.00 | - | |
| | | County of Orange | 1,802.80 | 1,802.80 | 1,802.80 | - | |
| **LEASE ASSUMPTIONS** | | Leafs Properties, LP | 152,461.60 | 152,461.60 | 152,461.60 | - | |
| | | HWAY, LLC | 803,926.13 | - | - | - | |
| | | Toyota Lease Trust | 5,435.92 | 5,435.92 | 5,435.92 | - | |
| | | De Lage Landen Financial | 8,972.05 | 8,972.05 | 8,972.05 | - | |
| | | Jules & Associates | 34,558.00 | 34,558.00 | 34,558.00 | - | |
| | | Wells Fargo | 13,064.93 | 13,064.93 | 13,064.93 | - | |

**005**

# EXHIBIT 2





April 16, 2020

## 2% of Increased U.S. Trustee Fees Held Unconstitutional

 Florida judge largely agrees with a Delaware judge by holding that the increase in fees for the U.S. Trustee program is neither impermissibly retroactive nor unconstitutional, mostly speaking.

The bankruptcy courts are now split three ways on the issue of whether the increase in U.S. Trustee fees applies to chapter 11 cases filed or confirmed before the increase went into effect. The Fifth and Third Circuits will soon consider the issue on direct appeals.

Three courts have held that the increase in fees is either unconstitutional or inapplicable to cases pending when the fees increased. *See In re Buffets, LLC*, 597 B.R. 588 (Bankr. W.D. Tex. 2019); *In re Circuit City Stores Inc.*, 606 B.R. 260 (Bankr. E.D. Va. 2019); and *In re Life Partners Holdings Inc.*, 606 B.R. 277 (Bankr. N.D. Tex. 2019).

*Buffets* is on direct appeal to the Fifth Circuit. *See Hobbs v. Buffets LLC (In re Buffets LLC)*, 19-50765 (5th Cir.). Briefing in the Fifth Circuit is complete.

Three courts ruled that the increase is neither impermissibly retroactive nor violative of the Constitution. *See Clinton Nurseries Inc. v. Harrington (In re Clinton Nurseries Inc.)*, 608 B.R. 96 (Bankr. D. Conn. 2019); *In re Exide Techs.*, 611 B.R. 21 (Bankr. D. Del. 2020); and *In re Clayton Gen. Inc.*, No. 15-64266, 2020 Bankr. Lexis 842 (Bankr. N.D. Ga. Mar. 30, 2020).

In *Exide*, the parties stipulated to a direct appeal to the Third Circuit. The appeals court is considering the petition for permission to appeal. *See Exide Techs. v. Vara (In re Exide Techs.)*, 20-8023 (3d Cir.).

There is also a class action pending in the U.S. Court of Claims, seeking a refund of overpayments of the fees. There have been no substantive rulings as yet. *See Acadiana Management Group LLC v. U.S.*, 19-496 (Ct. Cl.).

In his opinion on April 9, Bankruptcy Judge Erik P. Kimball of West Palm Beach, Fla., fashioned a third result. Generally, he agreed with the *Exide* opinion by Bankruptcy Judge Mary F. Walrath of Delaware that the increase is valid and enforceable.

However, Judge Kimball decided that collecting 2% of the increase violates either the Uniformity or the Contracts Clauses of the Constitution.

### The Amended Statute

In the case before Judge Kimball, the chapter 11 debtor confirmed a plan in June 2017 and created a creditor's trust. The fees payable to the U.S. Trustee Program do not end on confirmation. Rather, the fees continue until the case is closed.

To ensure that taxpayers do not finance the U.S. Trustee Program, Congress revised the U.S. Trustee fees as part of the Bankruptcy Judgeship Act of 2017. Codified at 28 U.S.C. § 1930(a)(6)(B), the fees are raised whenever the balance in the U.S. Trustee System Fund falls below $200 million at the end of any fiscal year through 2022. In December, Congress amended the statute by raising the threshold to $300 million.

Since the fund balance was below the threshold, the fees increased as of Oct. 27, 2017, when the amendment became effective.

Main Document    Page 8 of 14

In Judge Kimball's case, the increase was substantial. For six quarters after the increase kicked in, the trust paid almost $175,000. Under the previous fee schedule, the fees would have been less than $49,000. In other words, the increase for the trust was some 350%.

### The Motion for a Refund

The trust filed a motion seeking a refund, on the notion that the increase was either unconstitutional or not retroactive, or both.

Judge Kimball said he could not "improve on the analysis by Judge Walrath" in *Exide* and held that the increase was not retroactive because it only applied to quarters after the increase became effective. Generally speaking, he also found no violation of the Uniformity or Bankruptcy Clauses.

However, Judge Kimball did have a problem with 2% of the increase.

Previously, 100% of the fees were earmarked exclusively for U.S. Trustees, so the program would impose no burden on taxpayers. For the first time, the amended statute diverted 2% to the Treasury for the government's general purposes. Legislative history said that the 2% was designed to defray the cost of several temporary bankruptcy judgeships.

Here's the rub. Two states, North Carolina and Alabama, have bankruptcy administrators, not U.S. Trustees. Although the fees are the same, debtors in those states pay fees under 28 U.S.C. § 1930(a)(7), not § 1930(a)(6). The increased fees in those two states only apply to cases begun after the increase went into effect for North Carolina and Alabama on October 1, 2018.

Judge Kimball said it did not matter whether the U.S. Trustee fees were considered taxes or user fees. The Uniformity and Bankruptcy Clauses both require that taxes and bankruptcy laws be uniform throughout the U.S. Because the 2% is not paid in two states, he held that "the fee required under the Amendment is not uniform and thus violates the Constitution."

Judge Kimball therefore decided that the trust was entitled to a refund of the 2%, amounting to about $3,500.

To read ABI's reports on *Buffets* and *Exide*, click here and here.

### Opinion Link

 PREVIEW

https://abi-opinions.s3.amazonaws.com/Mosaic.pdf

## Case Details

| | |
|---|---|
| **Case Citation** | In re Mosaic Management Group Inc., 16-20833 (Bankr. S.D. Fla. April 9, 2020) |
| **Case Name** | In re Mosaic Management Group Inc. |
| **Case Type** | Business |
| **Court** | 11th Circuit<br>Florida<br>Florida Southern District |
| **Bankruptcy Tags** | Administrative Expense Claims<br>Business Reorganization |



### Bill Rochelle
**EDITOR-AT-LARGE, ABI**

@BillRochelle

An insightful writer known for his authoritative take on legal developments affecting bankruptcy practice, Bill Rochelle published for Bloomberg every day from 2007 through 2015.

Prior to his second career in journalism, he practiced bankruptcy law for 35 years, including 17 years as a partner in the New York office of Fulbright & Jaworski LLP.

# EXHIBIT 3

**Status Update On Sale Of MVF Surplus Equipment**

In June 2019, immediately following the plan approval, Point 360 (the "Company") initiated the process of identifying the best strategy to monetize the surplus assets of ModernVideo Film. Debtor first determined which of the surplus assets had the most value and potential to maximize the proceeds by sale.  A list of the "best" assets was determined through research based on:

a) current relevance of the asset
b) general availability of the asset
c) demonstrated market price of the asset

The process took over four weeks and was completed in July 2019.  The list of potential assets contained over 12,000 items which were identified for sale.  Once this list was compiled, it was determined that both private sales and public auction would be the most effective means of generating the best recovery.  For the highest target price assets, a campaign of reaching out to other companies in the industry to generate interest was carried out beginning in July 2019 and is continuing.  Concurrently, the Company began the process of interviewing auction houses in June.  After an exhaustive search based on a variety of criteria, (including experience, administrative cost, and availability) three entities were chosen as finalists:

1. Joseph Finn Co., Inc.
2. Heritage Global Partners
3. Auction Excess

All three finalists agreed an auction with over 12,000 items would be counter-productive, due to the redundancy of many of the items in the auction creating a "flooded market" on many of the higher price items.  The Company also determined this approach would resemble a forced liquidation, and would yield significantly lower proceeds as a result. In addition, all of the final candidates felt that they could not accommodate an auction of that size, causing two of the finalists (Joseph Finn and Heritage) to suggest joining forces.

All three auctioneers had different pricing strategies, and ultimately the Company determined that due to location, upfront costs, and percentage of commissions the best option was Auction Excess.  After careful consideration of all of the facts, the Company determined that having several smaller auctions would be the most productive means of selling off the surplus equipment.  Point 360 management collectively decided how many and which assets should be put up for the first auction, and a list of approximately 4,500 of the most sought after items were selected.

The Company originally targeted an auction date of October 2019, with a second auction to occur in the November-December 2019 timeframe.  The Company was quickly met with the challenge of gathering and consolidating all of the items into one place so that the auction house

could begin their marketing process. This took considerably longer than anticipated due to the requirement of the auction house to identify, clean, and photograph each piece of equipment.

Soon after the Company was informed that due to the timing of a similar unrelated equipment auction occur, it would be beneficial to push its auction to early December 2019, and reduce the number of items to approximately 2,000, in 400-500 item lots. Ultimately the Company ended up listing around 2,300 items in 473 lots. An auction date of December 3 was set, and the marketing materials began to circulate. The second auction containing 2500 items is now being targeted for a January timeframe. It is still the belief of the Company that these 4,500 items will generate $500,000 and $600,000. Additionally 8-10 items have been sold privately, and generated approximately $50,000.00 to date. This process will continue until all of the assets are sold.

On December 3, 2019 the Company held the first auction. 2,000 of the 2,300 items were sold for an approximate total of $155,000. Many of the "large ticket" items were not sold due to the minimum price not being met. The Company believes that the 300 items that did not sell would generate an additional $200,000.00.

In mid-December the Company began the process of setting up for the next auction, which began on Jan 12 and completed on January 28. The same auction house was used, however the company was able to negotiate a lower commission (10%) due to the work that had previously gone into setting up the first auction. As in the first auction many of the "large ticket" items did not sell, and the Company continues to market those items outside of the auction. In February The Company approached a new auction house, (RL Spear Company, Inc) to hold the third auction. The third auction began on March 12 and will conclude on April 21. The anticipated results and timing are listed below:

|              | Date      | Items | Estimated Yield |
|--------------|-----------|-------|-----------------|
| Auction 1    | 12/3/2019 | 2000  | 155,000.00      |
| Auction 2    | 1/28/2020 | 580   | 60,000.00       |
| Auction 3    | 4/21/2020 | 600   | 100,000.00      |
| Auction 4    | Jun. 2020 | 4200  | 100,000.00      |
| Private Sale | Ongoing   | 8-10  | 65,000.00       |

The Company believes that between the ongoing private sales and the upcoming auctions, the gross sale recovery will be approximately $480,000.00.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): _____
DEBTOR'S THIRD POSTCONFIRMATION STATUS REPORT
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/16/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/16/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Brand, US Bankruptcy Court, 255 E Temple Street, Suite 1382, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/16/2020 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*          **F 9013-3.1.PROOF.SERVICE**

**Ponit.360 NEF Service List:**

David E Ahdoot on behalf of Creditor AFTRA Retirement Fund dahdoot@bushgottlieb.com, kireland@bushgottlieb.com

James C Bastian, Jr on behalf of Creditor HWAY LLC jbastian@shulmanbastian.com

Ron Bender on behalf of Interested Party Courtesy NEF rb@lnbyb.com

Ron Bender on behalf of Interested Party Visual Data Media Services, Inc. rb@lnbyb.com

Daren Brinkman on behalf of Creditor Committee Official Committee Unsecured Creditors office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Daren Brinkman on behalf of Creditor Committee Official Committee of Unsecured Creditors of Point.360, A California Corporation office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Daren Brinkman on behalf of Plaintiff Committee of Creditors Holding Unsecured Claims office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

William S Brody on behalf of Creditor Austin Financial Services, Inc. wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com

Peter A Davidson on behalf of Interested Party Courtesy NEF pdavidson@ecjlaw.com, amatsuoka@ecjlaw.com

W. Jeffery Fulton on behalf of Creditor US Bank National Association jeff@jefffultonlaw.com, Yvonne@jefffultonlaw.com Jeffrey F Gersh on behalf of Interested Party Visual Data Media Services, Inc. jgersh@gershlegal.com, hnapier@gershlegal.com;jsedivy@gershlegal.com;hcory@stubbsalderton.com;jgersh@stubbsalderton.com;jsedivy@stubbsalderton.com

Asa S Hami on behalf of Interested Party Visual Data Media Services, Inc. ahami@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeerlaw.com;ahami@ecf.inforuptcy.com

Brian T Harvey on behalf of Creditor Austin Financial Services, Inc. bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

Daniel P Hogan on behalf of Debtor Point.360, a California Corporation dhogan@mccabehogan.com, dhogan460@gmail.com

Garrick A Hollander on behalf of Interested Party Modern VideoFilm, Inc. ghollander@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservces.com

William W Huckins on behalf of Creditor REEP-OFC 2300 Empire CA LLC whuckins@allenmatkins.com, clynch@allenmatkins.com

Robert A Julian on behalf of Defendant Deloitte Corporate Finance, LLC rjulian@winston.com, hhammon@winston.com

Lance N Jurich on behalf of Defendant Deloitte Corporate Finance, LLC ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Defendant Deloitte Transactions and Business Analytics, LLP ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Defendant Medley Capital Corporation ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Defendant Medley Opportunity Fund II LP ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

Lance N Jurich on behalf of Plaintiff Point.360, a California Corporation ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com

David S Kupetz on behalf of Interested Party Visual Data Media Services, Inc. dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Lewis R Landau on behalf of Debtor Point.360, a California Corporation Lew@Landaunet.com

(LA) dare.law@usdoj.gov

Melissa Davis Lowe on behalf of Creditor HWAY LLC mlowe@shulmanbastian.com, sswartzell@shulmanbastian.com

Alvin Mar on behalf of Defendant Office Of The United States Trustee alvin.mar@usdoj.gov, dare.law@usdoj.gov

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA) alvin.mar@usdoj.gov, dare.law@usdoj.gov

David W. Meadows on behalf of Interested Party Courtesy NEF david@davidwmeadowslaw.com

Elissa Miller on behalf of Interested Party Courtesy NEF emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

Elissa Miller on behalf of Interested Party Visual Data Media Services, Inc. emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com Shane J Moses on behalf of Interested Party Courtesy NEF smoses@foley.com

Austin P Nagel on behalf of Creditor Toyota Motor Credit Corporation, servicing agent for Toyota Lease Trust melissa@apnagellaw.com

Sean A OKeefe on behalf of Creditor HARBOR CENTER PARTNERS, L.P. sokeefe@okeefelc.com, seanaokeefe@msn.com

Juliet Y Oh on behalf of Interested Party Moshe Barkat jyo@lnbrb.com, jyo@lnbrb.com

Aleksandra Page on behalf of Creditor BB&T apage@ecf.inforuptcy.com

Sayuj Panicker on behalf of Creditor Los Angeles County Treasurer and Tax Collector spanicker@counsel.lacounty.gov

Sayuj Panicker on behalf of Interested Party Courtesy NEF spanicker@counsel.lacounty.gov

Laura J Portillo on behalf of Creditor Committee Official Committee Unsecured Creditors office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Laura J Portillo on behalf of Creditor Committee Official Committee of Unsecured Creditors of Point.360, A California Corporation office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Justin E Rawlins on behalf of Creditor Medley Capital Corporation jrawlins@winston.com, ecf_la@winston.com;justin-rawlins-0284@ecf.pacerpro.com

Vincent Renda on behalf of Creditor Leafs Properties, LP vr@rendalawoffices.com, ld@rendalawoffices.com Michael B Reynolds on behalf of Creditor California Physicians' Service, dba Blue Shield of California mreynolds@swlaw.com, kcollins@swlaw.com

Jason E Rios on behalf of Interested Party CVF Capital Partners, Inc., Central Valley Fund III (SIBC), LP and Central Valley Fund II, LP jrios@ffwplaw.com, scisneros@ffwplaw.com

Kevin C Ronk on behalf of Creditor Committee Official Committee Unsecured Creditors Kevin@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

Andrea C Rosati on behalf of Creditor LEAFS LP andrea@fsgjlaw.com, linh@fsgjlaw.com

Lisa Seabron on behalf of Creditor WRI West Gate South, L.P. lseabron@weingarten.com

Ronald A Spinner on behalf of Creditor Softitler dba Deluxe Localization Sfera spinner@millercanfield.com

Andrew Still on behalf of Creditor California Physicians' Service, dba Blue Shield of California astill@swlaw.com, kcollins@swlaw.com

Arvin Tseng on behalf of Creditor TROY / GOULD PC atseng@troygould.com, kjm@troygould.com;reh@troygould.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Christopher B Wick on behalf of Creditor Crown Communication Inc. cwick@hahnlaw.com, lmay@hahnlaw.com

Latonia Williams on behalf of Creditor UnitedHealthcare Insurance Company lwilliams@goodwin.com, bankruptcy@goodwin.com

Rolf S Woolner on behalf of Creditor Medley Capital Corporation rwoolner@winston.com, ecf_sf@winston.com;pacercourtfile@winston.com;rolf-woolner-7959@ecf.pacerpro.com

Rolf S Woolner on behalf of Creditor Medley Opportunity Fund II LP rwoolner@winston.com, ecf_sf@winston.com;pacercourtfile@winston.com;rolf-woolner-7959@ecf.pacerpro.com

Gabe P Wright on behalf of Creditor Crown Communication Inc. GWRIGHT@hahnlaw.COM, mkanamori@hahnlaw.com

Claire K Wu on behalf of Interested Party Visual Data Media Services, Inc. ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com